[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE (NO. 142)
The instant action was initially filed on August 1, 1990, by Regal Builders, Inc. On March 26, 1991, an amended complaint CT Page 6173 was filed along with a motion to cite in the defendant Penelope Brown, which was granted by the court Katz, J. on August 15, 1991. On March 26, 1991, Regal Builders, Inc. also filed a motion to substitute Maxie Taylor as plaintiff which was granted by the court, Spear, J., On [on] February 3, 1992.[1]
On February 1, 1993, the plaintiff, Maxie Taylor, filed a revised seven-count complaint against the defendants Alan Brown, Penelope Brown and Paul Miller Company, Inc. On March 18, 1993 the defendants filed an answer, special defenses and three-count counterclaim. Subsequently, the defendants withdrew their answer, special defenses and counterclaim and filed an amended answer, special defenses and two-count counterclaim on April 8, 1993.
On April 29, 1993, the plaintiff filed a motion to strike the defendants' counterclaim in its entirety along with a memorandum of law. On April 30, 1993, the defendants filed a memorandum of law in opposition to the plaintiff's motion to strike.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the legal sufficiency of the allegations of any counterclaim. Practice Book 152(1); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions of the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos, supra, 108. "In deciding upon a motion to strike. . . , a trial court must take the facts to be those alleged in the complaint; . . . and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345
348, 576 A.2d 149 (1990).
The court must construe the counterclaim "in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988). Where the facts provable under the allegations of the counterclaim would not support a cause of action, the motion to strike must be granted. Ferryman v. Groton, 212 Conn. 138, 142, CT Page 6174561 A.2d 432 (1989).
The plaintiff first moves to strike the counterclaim on the ground that it is improper since the matter is currently on the dormancy dismissal calendar. The plaintiff asserts that the dormancy calendar was published and received prior to the defendants' filing of its amended answer, and therefore, pursuant to Practice Book 251, the defendants may only file a pleading which closes the pleadings.
"Where the legal grounds for [a motion to strike] are dependant upon underlying facts not alleged in the . . . pleadings, the [plaintiff] must await the evidence which may be adduced at trial and the motion should be denied." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). "A motion to strike `which relies on matters outside of the [pleadings] is termed [a] "speaking motion" and is improper [and, consequently, cannot be considered by the court].'" (Citation omitted.) Guendelsberger v. Knight, 7 CSCR 944 (July 16, 1992, Pickett, J.). The plaintiff's motion to strike on the grounds that the matter was on the dormancy calendar relies on factual allegations which are not alleged in the pleadings and as such is improper.
Furthermore, Practice Book 251 provides, inpertinent part, that "[i]f a case is printed on a dormancy calendar pursuant to the dormancy program. . . , and a motion for default for failure to plead is filed pursuant to 128, only those papers which close the pleadings by joining issues, or raise a special defense, may be filed by any party, unless the court otherwise orders." (Emphasis added.) Practice Book 251. Section 251 does not limit a party's right to file pleadings unless a motion for default for failure to plead is filed. Since the plaintiffs failed to file a motion for default, 251 does not bar the defendants from filing a counterclaim. Thus the plaintiff's motion to strike on this ground is denied.
Additionally, the plaintiff moves to strike the counterclaim in its entirety on the ground that both the first and second counts are barred by the applicable statutes of limitations. Generally, the statute of limitations may not be raised by a motion to strike, but must be specially pled. Travelers Indemnity Co. v. Robin, 209 Conn. 437, 446,551 A.2d 1220 (1988); Forbes v. Ballaro, 31 Conn. App. 235, 239, A.2d (1993); Practice Book 164. However, a motion to strike is the CT Page 6175 proper procedural vehicle in two limited situations. Forbes, supra, 239.
 The first is when "the parties agree that the complaint sets forth the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by a motion to strike instead of by answer." . . . The second is where "a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created and not of the remedy alone." . . . .
(Citations omitted.) Id., 239-40
The parties have not agreed upon the pertinent facts, and, therefore, the first exception is not applicable. The first and second counts are breach of contract claims and the second exception is not applicable.
Accordingly any claim that the instant action is barred by the statute of limitations must be pleaded as a special defense, and the motion to strike is denied.
LEHENY, JUDGE