[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In April, 1991, the plaintiffs, Naomi and Stanley Michelson, filed a two-count action alleging negligence and loss of consortium against the defendant, Grade A Market, Inc. ("Grade A") seeking to recover for injuries sustained by Naomi Michelson when she slipped and fell on a supermarket floor in September, 1989. On August 8, 1992, Grade A impleaded Dino Mandarino d/b/a Sunshine Maintenance ("Sunshine") and Azrock Industries, Inc. ("Azrock"), seeking indemnification and contribution for any injuries plaintiffs may have suffered. On December 20, 1993, plaintiffs filed a six count amended complaint, wherein they added counts directed to the third party defendants.
On January 17, 1994, Azrock filed a motion to strike (#148) counts three and four of plaintiffs' amended complaint, which contained products liability and loss of consortium claims, on the grounds that plaintiffs' claims are barred by the statute of limitations in General Statutes § 52-577 (a). CT Page 10038
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" (Citations omitted.) Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988); Mingachos v. CBS Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education,195 Conn. 90, 93, 463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. FeldsparCorporation, 203 Conn. 34, 36, 552 A.2d 1235 (1987). "`The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them . . . and if facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted.) Alarm Applications Co. v. Simsbury VolunteerFire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980).
Azrock argues that pursuant to General Statutes § 52-577 (a), the plaintiff had three years in which to assert a products liability claim, and therefore should have done so by September 3, 1992, three years from the date of the alleged injury. Since plaintiffs did not amend their complaint to add Azrock as a defendant until December 20, 1993, Azrock argues that their claims are barred by this statute of limitations. In response, plaintiffs argue that a statute of limitations defense may not be raised on a motion to strike and even if such a motion was proper, its products liability claim is timely. Accordingly, to the plaintiffs, they did not discover that they had such a claim against Azrock until they received responses from a request for disclosure and production from Grade A.
"A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Forbes v. Ballaro, 31 Conn. App. 235, 239,624 A.2d 389 (1993). "The `advantage of the statute of limitations cannot be taken by [a motion to strike] . . . . [T]he objection to this mode of pleading is that it raises no issue' and `deprives the plaintiff of an opportunity to reply a new promise, or an acknowledgement.'" Id. There are two exceptions to this rule: (1) when the parties agree that the complaint sets forth the facts relevant to the statute of limitations issue; and (2) where a statute gives a right of action which did not exist at common law, and fixes the time within which such right must be enforced. Id., 239-40. CT Page 10039
Azrock does not claim, nor is there any indication that the parties in the present case agreed that plaintiffs' amended complaint sets forth all of the facts relevant to the statute of limitations issue. Rather, plaintiffs are claiming that the statute of limitations did not begin to run at the time of injury due to information that they allegedly received during the course of their original action against Grade A. As noted above, plaintiffs assert a products liability claim in count one and a derivative loss of consortium claim in count four. The Connecticut Supreme Court has noted that "[a]n examination of the legislative history of the [products liability] act supports [a] claim that the legislature was merely recasting an existing cause of action and was not creating a wholly new right for claimants harmed by a product." Lynn v. Haybuster Mfg., Inc., 226 Conn. 282, 292,627 A.2d 1288 (1993). Thus, the products liability act does not create a right of action that did not exist at common law, nor does it create the time of limitations within which such rights must be enforced. Furthermore, a loss of consortium claim is "firmly rooted" in Connecticut common law. Id., 289.
Azrock has not demonstrated that it is entitled to raise a statute of limitations defense on a motion to strike by virtue of either of the exceptions spelled out in Forbes v. Ballaro, supra,31 Conn. App. 239-40. Accordingly, Azrock's motion to strike counts three and four of the plaintiffs' complaint is denied.
So Ordered.
Dated at Stamford, Connecticut, this 4th day of October, 1994.
WILLIAM BURKE LEWIS, JUDGE