[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. Factual and Procedural Background
On December 14, 1994, the plaintiff, John W. Lawson, filed a three count complaint against the defendant, Aetna Life Insurance Co., alleging breach of an implied employment contract, breach of the covenant of good faith and fair dealing, and promissory estoppel. The action had originally been brought in federal court, without the covenant of good faith and fair dealing claim, and dismissed after the federal court disposed of the plaintiff's ADEA claim.
On January 26, 1995, Aetna moved to strike count two of the plaintiff's complaint, which alleges breach of the covenant of good faith and fair dealing. Aetna contends that claim was not part of the plaintiff's federal complaint and the statute of limitations has run. Aetna also moves to strike from CT Page 1318-P the prayer for relief the plaintiff's request for attorneys' fees and emotional damages, because the facts alleged are legally insufficient to sustain those requests and the statute of limitations had run on any new cause of action relating to emotional damages.
The plaintiff filed an objection to the motion to strike, and Aetna filed a reply brief to the plaintiff's objection.
II. Discussion
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). Although the statute of limitations must CT Page 1318-Q generally be pleaded as a special defense, it may be raised by a motion to strike "when the parties agree that the complaint sets forth all the facts pertinent to the question." Forbes v.Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389 (1993). The plaintiff has not objected to this procedural posture, so the court will consider the motion.
The parties apparently agree that if the plaintiff did not allege breach of the covenant of good faith and fair dealing in his federal complaint, the statute of limitations bars the plaintiff from bringing such a claim in the present action. The plaintiff argues that his claim for good faith and fair dealing was properly alleged in his original complaint in federal court. The federal complaint alleged an ADEA violation, breach of implied contract and promissory estoppel. A phrase in each of the implied contract and promissory estoppel counts alleged that the defendant breached contractual obligations "[b]y failing to treat plaintiff appropriately and consistently, in good faith and with fair dealings relative to other employees." (Defendant's Memorandum in Support of Motion to Strike; Exhibit A.)
When the federal ADEA claim was dismissed, the plaintiff CT Page 1318-R was left with breach of implied contract and promissory estoppel claims. Those are the only claims that can be brought now, as any statute of limitations has run on a covenant of good faith and fair dealing cause of action. Examination of the federal complaint demonstrates that the plaintiff did not set out a separate cause of action for breach of the covenant of good faith and fair dealing, but rather used such allegation to support his breach of implied contract and promissory estoppel claims. Because the plaintiff did not claim breach of the covenant of good faith and fair dealing as a separate cause of action in his federal claim and since the statute of limitations has run on that cause of action, the plaintiff is barred from bringing that claim now.
Additionally, the plaintiff has not alleged facts sufficient to sustain a claim for emotional damages. The plaintiff has requested emotional damages, but has not alleged that the defendant's conduct was intentional and extreme or outrageous. See Petyan v. Ellis, 200 Conn. 243, 253,510 A.2d 1337 (1986). The plaintiff has not alleged that the defendant should have realized that its conduct involved an unreasonable CT Page 1318-S risk of causing emotional distress that might result in illness or bodily harm. See Buckman v. People Express, Inc.,205 Conn. 166, 173, 530 A.2d 596 (1987). Because the plaintiff has not supported his request for emotional damages with sufficient allegations, Aetna's motion to strike the prayer for emotional damages is granted.[1]
Absent contractual or statutory authorization, each party is responsible for its own attorney's fees. Doe v.State, 216 Conn. 85, 106, 579 A.2d 37 (1990). The plaintiff concedes that there is no statutory or contractual authorization, but argues that he is seeking punitive damages.
Attorneys' fees may be awarded as punitive damages in appropriate cases to compensate a party for litigation expenses, less taxable costs. Triangle Sheet Metal Works, Inc. v.Silver, 154 Conn. 116, 127, 222 A.2d 220 (1966). However, "exemplary damages, as an extraordinary remedy, require delineation within the pleadings of wanton or wilful malicious conduct; . . . as well as evidence showing such intentional and wanton misconduct." (Citations omitted.) Manning v. Michael,
CT Page 1318-T188 Conn. 607, 619, 452 A.2d 1157 (1982). The complaint must contain allegations sufficient to inform the court and counsel that punitive damages are being sought. Id. Because the plaintiff's complaint contains insufficient allegations, Aetna's motion to strike the prayer for attorneys' fees is granted.
III. Conclusion
In summary, the defendant's motion to strike count two of the plaintiff's complaint, the prayer for emotional damages and attorney's fees is granted.
SUSAN B. HANDY JUDGE, SUPERIOR COURT