[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs, Alexander Szabo and Joseph Medvegy, have commenced this one count foreclosure action against the defendants, Henry and Patricia Scopp, for their alleged failure to pay amounts due under a promissory note dated August 9, 1990 to Alexander Szabo and Joseph Medvegy. The plaintiffs allege in their complaint that the defendants mortgaged certain real property located at 89 Bridgeport Avenue in Milford, Connecticut to secure the note.
On September 16, 1994, the defendants filed their answer, set-off and counterclaim.
On September 30, 1994, the plaintiffs filed their revised motion to strike the defendants' set-off and counterclaim on the ground that such claim is barred by, the statute of limitations.
On October 5, 1994, the defendants filed a timely objection to the plaintiffs' motion to strike. Both sides have filed supporting memoranda of law. CT Page 3957
A motion to strike is properly asserted "whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense contained therein." Bouchard v. People's Bank,219 Conn. 465, n. 3, 594 A.2d 1 (1991) "[I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985); see also WestportBank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490,495, 605 A.2d 682 (1992). In determining whether a motion to strike should be granted, the question is whether if the facts alleged are taken to be truer the allegations provide a cause of action or a defense. King v. Board of Education, 195 Conn. 90,93, 486 A.2d 111 (1985). If the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must fail. Rowe v. Godow, 209 Conn. 273, 278,550, A.2d 1073 (1988).
In the present action, the defendants have asserted a claim for set-off and counterclaim in response to the plaintiffs' foreclosure action. The defendants allege that, at the time of the signing of the note, the plaintiffs were subject to the licensing provisions of General Statutes § 36-224a. The defendants further allege that the plaintiffs failed to comply with the licensing provisions and, as such, the plaintiffs have violated General Statutes § 42-110a, et seq., the Connecticut Unfair Trade Practices Act (CUTPA).
The plaintiffs now move to strike the defendants' set-off and counterclaim on the ground that such defense is barred by the three year statute of limitations of § 42-110g(f). The plaintiffs argue that no cause of action may be maintained under CUTPA if brought more than three years after the occurrence of the alleged violation. They contend that since more than three years have passed, the defendants are barred from asserted a CUTPA violation.
The defendants posit in their memorandum of law that a motion to strike is not the proper vehicle for raising a statute of limitations defense. They argue that such a claim should be raised by way of a special defense, not a motion to strike.
Under Connecticut law "[a] claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Forbes v.CT Page 3958Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389 (1993). However, the use of a motion to strike to raise the defense of a statute of limitations is possible in two limited situations. "The first is when the parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the [s]tatute of limitations and that, therefore, it is proper to raise that question by a motion to strike instead of by answer." (Citations omitted: internal quotation marks omitted.) Id. "The second is where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone." Id., 239-40.
In the present action, the plaintiffs have not asserted that the motion to strike falls under either exception. There is no evidence that the parties have agreed that the complaint sets forth all the facts necessary to determine whether the statute of limitations defense is applicable. Thus, the first exception would not apply in this case. However, the defendants' CUTPA claim is a statutory created cause of action; therefore, the plaintiffs' statute of limitations defense fall sunder [falls under] the second exception outlined in Forbes. As such, the plaintiffs' statute of limitations defense has been properly raised by the present motion to strike.
The defendants next argue that they have alleged a continuing course of action by the plaintiffs; therefore, the three year statute of limitations is tolled.
"[W]hen the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed." Fichera v. Mine Hill Corporation,207 Conn. 204, 541 A.2d 472 (1988).
The defendants in the present action have alleged a continuing course of action. Since the court must construe all well pleaded facts in the manner most favorable to the nonmovant,Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988), the court should accept as true the defendants' claim that the plaintiffs have engaged in a continuing course of action. As such, the defendants have stated a viable set-off and counterclaim and the plaintiffs' motion to strike is denied.
The Court CT Page 3959
Curran, J.