NEIL R. FORBES ET AL. *v.* JOSEPH L. BALLARO ET AL.
(11176)

LANDAU, SCHALLER and CRETELLA, Js.

Argued December 11, 1992—decision released May 4, 1993

*Alan R. Spirer,* for the appellants (plaintiffs).

*Carl R. Ficks, Jr.,* for the appellees (defendants John Cook et al.).

LANDAU, J. The plaintiffs, Neil Forbes and Marilyn Forbes, appeal from a judgment of the trial court granting a motion to strike filed by the defendants,[1] the city of Shelton, Frank Kullberg and John Cook.[2] On appeal, the plaintiffs claim that the trial court improperly concluded that (1) their claims against the city of Shelton were time barred by the provisions of General Statutes § 7-465[3] and (2) their claims against Cook and Kullberg were time barred by General Statutes §§ 52-577[4] and 52-584.[5]

---

[1] The other defendants, Joseph L. Ballaro, Joseph Ballaro and Patricia Ballaro, are not parties to this appeal.

[2] Frank Kullberg was the Shelton building inspector and John Cook was the Shelton inland wetlands enforcement officer.

[3] General Statutes § 7-465 (a) provides in pertinent part: "Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality, except firemen covered under the provisions of section 7-308, and on behalf of any member from such municipality of a local emergency planning district, appointed pursuant to section 22a-601, all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property, except as hereinafter set forth, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. . . . No action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued. . . ."

[4] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

[5] General Statutes § 52-584 provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence,

The facts fairly provable under the relevant counts of the complaint are as follows. The plaintiffs entered into a contract with the defendants Joseph L. Ballaro and Joseph Ballaro (Ballaro) for the construction of a single family dwelling on a parcel at 39 Ballaro Drive in Shelton. Because of the location of the lot, Ballaro submitted an application to the Shelton inland wetlands commission for approval. On November 7, 1985, the wetlands commission approved the premises as a building lot subject to a preconstruction conference with the defendant Cook, the Shelton inland wetlands enforcement officer. Ballaro constructed the house and, on May 19, 1986, Joseph Ballaro and Patricia A. Ballaro conveyed the premises to the plaintiffs by warranty deed. On July 18, 1990, the plaintiffs discovered that their house was constructed on compressible organic material, that the soils on which their house was constructed are inadequate to support the structure and that the house is settling, thereby causing damage to the house and rendering it unfit for habitation.

The plaintiffs brought an action against Cook and the city of Shelton jointly for negligence, negligent nuisance and nuisance; against Kullberg and the city of Shelton jointly for negligence, negligent nuisance, nuisance and fraud; and against the city of Shelton for indemnification pursuant to General Statutes § 7-465. The plaintiffs also brought an action against the defendant Ballaro for breach of contract, negligence, fraud, and violations of the Connecticut Unfair Trade Prac-

---

or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

tices Act. On November 18, 1991, Cook, Kullberg and the city filed a motion to strike counts five through twelve of the plaintiffs' revised complaint dated August 27, 1991, on the grounds that the actions were barred by applicable statutes of limitation, statutory notice requirements and governmental immunity. The trial court sustained the motion to strike. It ruled that counts five through twelve were time barred against the city pursuant to General Statutes § 7-465, that counts five and eight were time barred against Cook and Kullberg pursuant to General Statutes § 52-584, and that counts six, seven, nine, ten and eleven were time barred against Cook and Kullberg pursuant to General Statutes § 52-577. The plaintiffs failed to plead over. The entire complaint against those defendants having been stricken, judgment was entered in their favor. This appeal followed.

The plaintiffs argue[6] that the defense that the cause of actions against Cook, Kullberg and the city of Shelton are time barred by General Statutes §§ 52-577 and 52-584 is not a proper basis for a motion to strike. The plaintiffs argue that they should be given the opportunity to plead fraudulent concealment, pursuant to General Statutes § 52-595,[7] in avoidance of the statute of limitations defense. We agree.

A motion to strike challenges the legal sufficiency of a pleading. " 'In reviewing the granting of a motion to strike, we take the facts alleged in the complaint and

---

[6] The plaintiffs, at oral argument before us, abandoned their claim that the trial court improperly concluded that their statutory claims against the city of Shelton were time barred by their alleged failure to comply with the notice requirements of General Statutes § 7-465. Therefore, we will not address this claim.

[7] General Statutes § 52-595 provides: "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence."

construe them in a manner most favorable to the pleader.' *Progressive Casualty Ins. Co.* v. *DiGangi,* 4 Conn. App. 137, 140, 492 A.2d 548 (1985). This includes the facts necessarily implied and fairly provable under the allegations. Id., 140–41. It does not include, however, the legal conclusions or opinions stated in the complaint. *Fairfield Lease Corporation* v. *Romano's Auto Service,* 4 Conn. App. 495, 497, 495 A.2d 286 (1985)." *Tomczuk* v. *American Mutual Ins. Co.,* 9 Conn. App. 194, 196, 517 A.2d 1053 (1986). The "purpose and scope of a motion to strike are identical to those of a demurrer . . . ." *Cavallo* v. *Derby Savings Bank,* 188 Conn. 281, 283, 449 A.2d 986 (1982). A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike. Practice Book § 164; see *Mac's Car City, Inc.* v. *DeNigris,* 18 Conn. App. 525, 528, 559 A.2d 712 (1989). The "advantage of the statute of limitations cannot be taken by [a motion to strike]. . . . [T]he objection to this mode of pleading is that it raises no issue" and "deprives the plaintiff of an opportunity to reply a new promise, or an acknowledgement." *O'Connor* v. *Waterbury,* 69 Conn. 206, 210, 37 A. 499 (1897). A motion to strike might also deprive a plaintiff of an opportunity to plead matters in avoidance of the statute of limitations defense. *Hitchcock* v. *Union & New Haven Trust Co.,* 134 Conn. 246, 248, 56 A.2d 655 (1947). In two limited situations, however, we will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when "[t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer." *Vilcinskas* v. *Sears, Roebuck & Co.,* 144 Conn. 170, 171–72, 127 A.2d 814 (1956). The second is where "a statute gives a right of action which

did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right—it is a limitation of the liability itself as created, and not of the remedy alone." *DeMartino* v. *Siemon,* 90 Conn. 527, 528–29, 97 A. 765 (1916).

Counts five through eleven of the plaintiffs' complaint stated all dates on which the alleged negligent acts occurred. The trial court held that because all the dates were pleaded, all facts necessary to determine if the cause of action was barred by the statute of limitations were also pleaded. Therefore, the trial court held, pursuant to *Vilcinskas* v. *Sears, Roebuck & Co.,* supra, that this was an instance in which the statute of limitations defense could be raised by a motion to strike.

The trial court misconstrued our Supreme Court's holding in *Vilcinskas*. In that case, the parties *agreed* that all facts necessary to the determination of whether the statute of limitations defense applied were set forth in the complaint. Therefore, there was no need to wait for an answer to determine if the statute of limitations defense could be avoided if the answer could provide no new information. Here, however, there is no such agreement. The complaint did not state facts that the plaintiffs believed would toll the statute of limitations on their claims.[8] The plaintiffs contend, as they have throughout these proceedings, that additional facts are necessary to prove that the claim is not time

[8] The plaintiffs' original complaint pleaded fraudulent concealment as a reply to the anticipated defense of the statute of limitations. That complaint was no longer the operative complaint upon the filing of a revised complaint. It does, however, operate as an admission. "When the court has allowed a party in a civil case to withdraw, amend, or supersede a pleading, the pleading ceases to be usable as a conclusive judicial admission, but is usable as an evidentiary admission." C. Tait & J. LaPlante, Connecticut Evidence (2d Ed.) 11.5.3, p. 333; see *Schenck* v. *Pelkey,* 176 Conn. 245, 248, 405 A.2d 665 (1978); *Nichols* v. *Nichols,* 126 Conn. 614, 620, 13 A.2d 591 (1940).

barred.[9] The plaintiffs should be given the opportunity affirmatively to plead fraudulent concealment in avoidance of the statute of limitations defense pursuant to General Statutes § 52-595. See *Hitchcock* v. *Union & New Haven Trust Co.*, supra.

The trial court concluded that count twelve of the complaint, the action for indemnification against the city on the basis of the actions of the employees of the city, should be stricken for failure to comply with the notice requirements of § 7-465.[10] With this we agree, and note again that the plaintiff abandoned this claim at oral argument. The trial court also concluded that *all* of the claims against the city were barred for failure to comply with the notice requirements of § 7-465. With this we do not agree.

In the complaint the plaintiffs set forth causes of action against the city and Cook and Kullberg jointly. These actions, however, were neither for indemnification nor statutory in nature. Rather, they were common law actions that were not subject to the notice requirements of § 7-465. Therefore, like the common law actions against Cook and Kullberg individually, they are subject only to the statute of limitations contained in the respective statutes. As we have concluded, the plaintiffs, if they wish, should be given an opportunity to plead avoidance of the statute of limitations.

The judgment granting the motion to strike is reversed as to counts five through eleven, and affirmed as to count twelve; the case is remanded with direction to deny the motion to strike counts five through eleven.

In this opinion the other judges concurred.

---

[9] The plaintiffs correctly note that they are not required to plead facts in anticipation of the defense of the statute of limitations. See *Todd* v. *Bradley*, 99 Conn. 307, 311, 122 A. 68 (1923).

[10] The plaintiffs did not abandon their claims that the common law counts against the city were not precluded by General Statutes § 7-465.