[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs brought this action against a number of defendants following the purchase of a piece of property which allegedly turned out to be contaminated with hazardous wastes. The plaintiffs make the following allegations in their amended complaint filed on March 16, 1993. On March 14, 1986 the plaintiffs purchased a piece of property from the defendant Eli Schwartz. The property was an "establishment" within the meaning of General Statutes 22a-134 because hazardous waste had been generated and/or disposed of on the property. The defendant never filed with the Department of Environmental Protection or provided to plaintiffs a "negative declaration" stating that there were no hazardous wastes on the premises, nor did they file or provide a "certification of cleanup" stating that any hazardous waste had been cleaned and that the property posed no threat to human health or the environment.
Plaintiffs further allege that on June 12, 1990, they discovered that the soil was contaminated with hazardous waste, and CT Page 9691 that they are now subject to the enormous expense of cleaning the property, as well as subject to any resulting legal liability because of the environmental contamination. Upon these allegations, the plaintiffs allege a violation of the Transfer Act, General Statutes 22a-134 et seq., in count one of the complaint, and a cause of action for fraudulent nondisclosure in the second count.
Defendant has moved to strike both of these counts on the ground that the subject property cannot be considered an establishment under General Statutes 22a-134. Defendant also claims that an allegation that "large quantities" of hazardous waste were generated is insufficient under the Transfer Act. Additionally, defendant claims that because the second count relies on the allegations of the first count, there can be no cause of action for fraudulent nondisclosure. Plaintiffs object to the motion and the parties have filed supporting memoranda of law.
In deciding a motion to strike, the court accepts as true the allegations of the complaint and construes them in plaintiffs' favor. Forbes v. Ballaro, 31 Conn. App. 235, 239-240 (1993). Although the motion does not admit legal conclusions contained in the complaint, it does admit all facts necessarily implied under the allegations. Id., 240.
Defendant argues that the property at issue could not have been an establishment under the statute in effect at the time of the transfer because the statute speaks in the present tense and there is no allegation that the property was being contaminated at the time of the transfer.[1] As support for his argument, defendant notes that the statute was later changed to clearly include properties which were not being contaminated at the time of transfer, but had been contaminated some time in the past. See General Statutes 22a-134 (3) (rev'd to 1993) (establishment is one which generated more than 100 kilograms, or recycled, reclaimed, reused, etc. hazardous waste) (emphasis added). Plaintiffs argue that the intent of the Transfer Act was to protect buyers in this exact situation where property has been discovered to be contaminated and that the act should not be read so narrowly so as to frustrate its purpose.
It is not necessary to determine whether the 1987 version of the Transfer Act applies to situations involving only pre-transfer contamination. It is true that plaintiffs' complaint speaks in the past tense; see plaintiffs' complaint, count one, paragraph 4, CT Page 9692 ("hazardous waste had been generated and disposed of"); but this is necessarily so as it is referring to events which took place seven years prior. If facts fairly provable under the allegations in the complaint would support a cause of action, then the motion to strike must fail. Westport Bank Trust v. Corcoran, Mallin 
Aresco, 221 Conn. 490, 497 (1992). It is fairly provable under the allegations of the complaint that the property was being contaminated up until nearly the time of transfer. See, e.g., Colonnade One at Old Greenwich Limited Partnership v. Electrolux Corp., 767 F. Sup. 1215 (D. Conn. 1991) (court held property was an "establishment" even though it was not being contaminated at time of transfer, but defendant had only ceased contaminating activities several months prior to transfer). Accordingly, because the plaintiffs could prove facts under their allegations which would state a violation of the Transfer Act, the motion to strike the first count is denied.
Similarly, plaintiffs' allegation that the property was being contaminated by "large quantities" of hazardous waste is not legally insufficient as a matter of law. It is fairly provable under the allegations of the complaint that over 100 kilograms of waste were being produced per month, as General Statutes 22a-134
requires. Thus, this allegation supports a cause of action under the Transfer Act and the motion to strike is therefor denied. Westport Bank Trust, supra.
The second count, as previously mentioned, relies on the allegations of the first count. Defendant advances no other argument for the striking of the second count other than the insufficiency of the first count. Additionally, this court has previously ruled on a motion to strike the second count in this case and held that the "complaint alleges facts sufficient to state a cause of action in non-disclosure" because of the alleged violation of General Statutes 22a-134a (rev'd to 1987). Memorandum of Decision, p. 9. Therefore, the motion to strike the second count is also denied.