[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is brought by Louis Dreyfus Corporation (Dreyfus) against the defendant, Armor Elevator Company, Inc. (Armor Elevator). The plaintiff alleges that one of its employees, Edward Cook, was injured on June 8, 1990, while riding in an elevator located in a building owned by plaintiff at 24 Richmond Hill Avenue in Stamford. As a result of these injuries, the plaintiff, as Cook's employer, paid certain sums on behalf of CT Page 8024 Cook for medical care and treatment, compensation for lost wages, and other related expenditures, pursuant to the Workers' Compensation Act, General Statutes § 31-275 et seq. The plaintiff seeks reimbursement in this action from the defendant for all funds it has paid to Cook or on his behalf. In its complaint, the plaintiff further alleges that: the defendant was responsible for the inspection and maintenance of the elevators at its premises: the elevator in question suddenly crashed down approximately six floors while Cook was riding in it; the defendant was negligent in a number of ways, including failing to protect the electrical circuity operating this particular elevator; and this negligence was the proximate cause of the accident and resulting injuries to Cook.
The defendant Armor Elevator filed an amended answer and special defenses claiming contributory negligence on the part of both plaintiff and Cook, and a three count counterclaim dated March 24, 1994. In the first count of the counterclaim, defendant alleges that any injuries suffered by Cook were caused by the negligence of the plaintiff in failing to properly inspect and maintain the elevator in question, including failing to notify defendant that plaintiff intended to reactivate the elevator. Defendant seeks an allocation of liability pursuant to General Statutes 52-572h.[1] The second count of the counterclaim contains the following allegations: defendant had an agreement with plaintiff whereby the latter would not reactivate its elevators at the subject premises unless it gave defendant twenty-four notice thereof; plaintiff did not so notify defendant and thus breached its contract with defendant for that reason and in other respects as well, including not availing itself of defendant's emergency call service; defendant was only a "passive party" and did not cause or contribute to Cook's injuries; and defendant demands judgment for all sums "which may be awarded to the plaintiff." In the third count, defendant alleges that its agreement with the plaintiff makes the latter responsible for all the equipment on the subject premises[.] According to defendant, the agreement further provides that: defendant would not be liable for the negligence of others; Cook's injuries were caused by the plaintiff's "active negligence" in failing to notify defendant of the reactivation of the elevator and failing to inspect it; and defendant did not act negligently and was only a "passive party." The defendant seeks reimbursement for all sums that are awarded to plaintiff.
On May 2, 1994, the plaintiff filed a motion (#109) to strike CT Page 8025 the counterclaim on the ground that it was barred on statute of limitations grounds by reason of General Statutes §52-584.[2] In support of its motion, plaintiff argues that the issues were closed and a claim for the trial list filed in May, 1993, and that the counterclaim was not filed until approximately nine months thereafter, in March, 1994, and therefore the time limited for a counterclaim has passed. Plaintiff claims that General Statutes § 52-584 bars negligence claims and counterclaims "that are interposed after the pleadings are closed."[3]
The defendant argues, and the court agrees, that the disposition of this motion to strike is governed by Forbes v.Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389 (1993), which held that: "[a] claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike. Practice Book § 164." The Appellate Court recognized two exceptions to this rule, neither of which are present in this case. The two exceptions are: (1) if the parties "agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations"; and (2) if "a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced." Id., 239-40. In the present case, the parties do not agree that all the facts necessary to determine the statute of limitations defense are included in the complaint. Secondly, the allegations in the counterclaim against plaintiff are not based upon statutes containing "a limitation or condition attached to the right . . . a limitation of the liability itself as created, and not of the remedy alone." Id., 240. The claims rather are based on the common law remedies of negligence and breach of contract.[4]
Thus, according to Forbes v. Ballaro, supra, the defendant must be given the opportunity to seek to avoid plaintiff's statute of limitations defense, for example, by claiming a fraudulent concealment of its cause of action.
For the above reasons, plaintiff's motion to strike defendant's counterclaim is denied.[5]
So Ordered.
Dated at Stamford, Connecticut, this 9th day of August, 1994.
William B. Lewis, Judge CT Page 8026