[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 10, 1993, the fourth-party plaintiff, Mariani Restoration Roofing Company, Inc. (Mariani), filed a one count fourth party complaint against the fourth-party defendant, Matthew Mastrantone. The facts as alleged in this complaint are as follows. Mariani and Mastrantone entered into a contract on March CT Page 69 25, 1989, wherein Mastrantone was to perform roof demolition services on the Jaharis residence. The first-party plaintiffs, Michael Jaharis, Jr. and Mary Jaharis, filed a complaint against Goldring Home Inspections, Inc. (Goldring), alleging that in the course of the roof replacement the residence suffered water damage. Goldring in turn filed a third-party complaint against Mariani alleging that if such damage occurred it was due to Mariani's negligence. Mariani now alleges that if such damage occurred as a result of roof work or demolition it was due to the negligence of Mastrantone, and that such negligence constitutes a breach of contract. Mariani seeks indemnification and apportionment in the event it is held liable for any damages to the plaintiffs.
Mastrantone has filed a motion (#223) to strike Mariani's complaint on the ground that such a claim is barred by the applicable statute of limitations. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group,Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group,Inc., supra, 215.
Mastrantone argues that Mariani's complaint is barred by the statute of limitations pursuant to General Statutes § 52-577, which limits actions for indemnification based on negligence to three years. Mariani argues that the applicable statute of limitations is that under General Statutes § 52-576 based on contract, that the statute of limitations is irrelevant to apportionment, and that Public Act 93-370 extends the statute of limitations for indemnification.
"A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by CT Page 70 a motion to strike. . . . In two limited situations, however, we will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when `[t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer.' . . . The second is where `a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone.'" (Citations omitted.) Forbes v. Ballaro,31 Conn. App. 235, 239-40, 624 A.2d 389 (1993).
Mastrantone contends in his motion to strike that Mariani's complaint is barred by the statute of limitations under General Statutes § 52-577, which provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." Mastrantone has stated in his memorandum that the construction work was performed and completed on June 3, 1989, but the only date in Mariani's complaint is March 25, 1989, the date the contract was formed.
Even if General Statutes § 52-577 is the proper statute of limitations to be applied, the date of the act or omission complained of is not apparent on the face of the complaint. Since the date of the construction has not been alleged, the complaint does not allege all of the pertinent facts necessary to determine whether the claim is barred by the statute of limitations. Accordingly, it is not necessary to consider the alternate arguments in objection to the motion, and Mastrantone's motion to strike is denied.
So Ordered.
Dated at Stamford, Connecticut, this 5th day of January, 1995.
WILLIAM B. LEWIS, JUDGE