[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The complaint alleges that over a period of years the defendant attorneys represented the plaintiffs. In regard to this representation plaintiffs allege that defendants are liable for negligence, breach of contract, breach of fiduciary duty, breach of trust, negligent misrepresentation, unfair trade practices, and intentional and negligent infliction of emotional distress. Defendants have moved to partially strike several allegations set forth in each of the twelve counts (except Count 5) claiming that they violate the statutes of limitations.
Inasmuch as each count alleges that defendants' conduct is continuing, the court believes the motion to strike is inappropriate. A question of fact has been raised and the plaintiffs should be given an opportunity to present evidence that defendants' course of conduct was CT Page 389-I in fact continuing. Blanchette v. Barrett, 229 Conn. 256
(1994).
The Motion to Strike should not be granted without giving the plaintiff the opportunity to plead matters in avoidance of a statute of limitations defense. Allegations which are banned by statute of limitations must be pleaded as a special defense, not raised by a motion to strike.Forbes v. Ballaro, 31 Conn. App. 235 (1993).
The Motion to Strike is denied.
Frances Allen, State Judge Referee