[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The plaintiff William Trager brought this action against the defendant Colonial Penn Franklin Insurance Company seeking payment of basic reparations under his automobile insurance policy issued by the defendant. The plaintiff's complaint was filed December 22, 1994.
The complaint makes the following allegations. The plaintiff was involved in an automobile accident on August 11, 1992 and sustained injuries. The plaintiff made an application for no-fault benefits with the defendant on June 3, 1994 and submitted medical bills to the defendant. The defendant failed to pay such bills.
The defendant seeks to strike the plaintiff's entire complaint and argues that the applicable statute of limitations bars the action. The plaintiff counters by arguing that the proper procedural vehicle by which to raise a defense of the statute of limitations is by way of special defense. The plaintiff also argues that should the court determine that the motion to strike is, in this case, an appropriate method to claim the statute of limitations CT Page 3749 defense, it is not apparent from the pleadings that all facts necessary to the determination of the issue are on the record.
"A claim that an action is barred by the statute of limitations must be pleaded as a special defense, not raised by a motion to strike. . . . The advantage of the statute of limitations cannot be taken by [a motion to strike]. . . . [T]he objection to this mode of pleading is that it raises no issue and deprives the plaintiff of an opportunity to reply a new promise, or an acknowledgment. . . . A motion to strike might also deprive a plaintiff of an opportunity to plead matters in avoidance of the statute of limitations defense." (Citations omitted; internal quotation marks omitted.) Forbesv. Ballaro, 31 Conn. App. 235, 239 (1993). A motion to strike may be used to raise the defense of the statute of limitations when the parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the statute of limitations. Id.
The plaintiff in the present case, however, does not agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the statute of limitations. Therefore, the exception to the rule which does not allow a motion to strike to raise a statute of limitations defense is not available to the defendant.
Accordingly, the defendant's motion to strike is denied.
Hendel, J.