[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Wendy Lopriore and Joseph Lopriore, commenced this action against the defendants, Kim Coolbeth, Housatonic Valley Construction Co. and San-P, Inc., to recover damages for the negligent installation of a septic system. In a three count amended complaint, the plaintiffs allege claims for breach of contract, negligent installation and a violation of General Statutes Sec. 52-572m et seq., Connecticut's Product Liability Act. The defendants Kim Coolbeth and Housationic Valley Construction now move for summary judgment on the grounds that the plaintiffs' claim is barred by the applicable statute of limitations
The defense of the statute of limitations must be specially pleaded. Practice Book Sec. 164; Forbes v.Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389 (1993). Connecticut's rules of practice have been amended so that the pleadings no longer need to be closed before a party may move for summary judgment. Practice Book Sec. 379 (amended October 1, 1992). Nevertheless, "a statute of limitations defense must be specially pleaded before it may be raised as a basis for a summary judgment." Hansen v. New Haven Legal Asst.CT Page 5832Assn., 9 CSCR 234 (January 27, 1994, Hartmere, J.);Engman v. Laschever, 9 Conn. L. Rptr. 312, 313 (June 28, 1993, Hennessey, J.).
In this case, the plaintiff filed a request to amend the complaint on August 13, 1991. The defendant San-P, Inc.'s objection to the requested amended complaint was overruled by the court (Pickett, J.) on September 3, 1991. The moving defendants did not file any objection to this amended complaint. The defendants have not filed an answer or special defense in response to the amended complaint. Since the defendants have failed to specially plead the statute of limitations as a special defense, the motion for summary judgment is denied.
Additionally, the defendants did not file a memorandum of law or supporting documentation with their motion. Instead, the defendants referred to memoranda and documentation submitted in 1990 with an earlier motion for summary judgment that was denied by the court (McDonald, J.). The prior motion addressed the original complaint, which contained only one count, while the amended complaint presently before the court contains three counts. Practice Book Sec. 204 specifically provides that a memorandum of law "shall be filed and served with . . . a motion for summary judgment." Practice Book Sec. 204(e). The defendants have failed to comply with this express requirement by not submitting a memorandum of law with their motion. Additionally, referring the court to memoranda submitted almost five years ago with a motion directed at an earlier pleading does not sufficiently comply with the requirements of this section.
For these reasons, the defendants' motion for summary judgment is denied.
PICKETT, J.