[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Plaintiffs Motion to Strike
1. Motion denied as to Second Special Defense to plaintiff's First and Second Counts. This defense, as alleged in the Second Amended Answer, sets forth sufficient facts to give rise to a fiduciary relationship between plaintiff and defendant, by alleging that plaintiff approached defendant with an offer to provide funding for the development of the subject property for low and moderate income housing and commercial space, recommended that the principals of the defendant form the partnership for the development of the project, and assisted the defendant in preparing the financial proforma of the project.
2. Motion denied as to Third and Fourth Special Defenses to plaintiff's First and Second Counts. These Defenses allege plaintiff tortiously interfered with the contractual relationships of the defendant partnership, its current general managing partner, its general partner, and defendant's tenant and tortiously interfered in the affairs of the defendant, which prevented the defendant from meeting its obligations under the loan documents. Such defenses go to the enforcement of the loan documents and are properly pleadable in a forclosure [foreclosure] action.
3. Motion granted as to Fifth Special Defense to plaintiffs First and Second Counts. This Defense alleges that plaintiff waived defendants default by failing to enforce the guarantee of Anthony Cutaia. Since the obligation, and even the right, CT Page 7884 to enforce a guarantee cannot arise until after the debtor has defaulted, plaintiff's failure to act against the guarantor cannot, as a matter of law, constitute a waiver of defendant's default.
4. Motion denied as to First Count of defendant's Counterclaim. Motion to strike cannot be based on the statute of limitations, except in two limited situations not here present. Forbes v. Ballaro, 31 Conn. App. 235, 239 (1993). Particularly when the First Count of the Counterclaim alleges fraudulent misrepresentation, plaintiff should plead the statute of limitations as a special defense and defendant should be allowed to plead a tolling of the statute by plaintiff concealing the fraud.
R. Satter, S.J.R.