[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#109)
The plaintiff, Ann Moseley D'Agosta, commenced this action against the defendant, Richard A.M.C. Johnson, Jr., to recover damages for injuries she allegedly sustained as the result of sexual abuse by the defendant. The defendant now moves to strike the second, third and fifth counts of the complaint on the grounds that they are barred by the applicable statute of limitations. In opposition to the motion, the plaintiff argues that the motion should be denied on both procedural and substantive grounds.
"A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not by a motion to strike." Forbes v. Ballaro, 31 Conn. App. 235, 239,624 A.2d 389 (1993). However, in "two limited situations" the court "will allow the use of a motion to strike to raise the defense of the statute of limitations." Id. First, "when `[t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise the question by a [motion to strike] instead of by answer." Id. CT Page 9094 Second, "where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of liability itself as created, and not of the remedy alone.'" (Citations omitted.) Id., 239-40.
The defendant claims there is a third exception to this rule stating that "if the complaint purports to anticipate such a plea and to overcome its effect by appropriate allegations, it is permissible to raise the statute of limitations by [a motion to strike]." Bombard v. Girard, 6 Conn. Cir. 596, 597 (1971). This exception, however, is the same as the first exception stated inForbes v. Ballaro, supra. Under Forbes, supra, for this exception to apply the parties must agree that the complaint sets forth all the facts pertinent to the statute of limitations issue and that it is properly raised by a motion to strike.
In this case, there is no such agreement between the parties, and the motion to strike therefore is denied.