[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: REQUEST FOR LEAVE TO AMEND #126OBJECTION TO REQUEST FOR LEAVE TO AMEND #128
On September 29, 1993, the plaintiff in the present case filed a two count complaint alleging negligence and recklessness stemming from a fire which occurred at the plaintiff's residence. The plaintiff subsequently filed a request for leave to amend her complaint, and a proposed amended complaint, both dated July 3, 1995. By her amendment, the plaintiff seeks to add a third count alleging res ipsa loquitur.
The defendant has timely objected to the plaintiff's request for leave to amend on four grounds. First, the defendant argues CT Page 10865 that the third count of the plaintiff's proposed amended complaint fails to state a claim upon which relief can be granted. The defendant contends that res ipsa loquitur is not a separate cause of action from the negligence claim made in the plaintiff's original complaint, and cannot be pleaded as such. Second, the defendant argues that the proximity of the trial date in the present case makes the plaintiff's request untimely. Third, the defendant argues that the third count of the proposed amended complaint is duplicative of the first count which alleges negligence. Fourth, the defendant argues that the statute of limitations has expired as to the claim made in the third count of the proposed amended complaint.
The defendant's first ground for objection to the plaintiff's request to amended challenges the legal sufficiency of the proposed amended complaint and thus should be raised in a motion to strike.Reiner v. Town of Harwinton, Superior Court, judicial district of Litchfield, Docket No. 054202 (April 13, 1992, Pickett, J.).
As to the defendant's second ground for objection, the amended pleading will not likely substantially prejudice the plaintiff by delaying the scheduled trial.
The defendant's claim that the third count of the proposed amended complaint is duplicative of the first count, should be made in a request to revise. Practice Book § 147.
Lastly, the statute of limitations defense, raised by the defendant as his fourth ground for objection, should be pleaded as a special defense; see Forbes v. Ballero, 31 Conn. App. 235, 239,624 A.2d 389 (1993); and subsequently considered upon a motion for summary judgment or at trial. See Burns v. Hartford Hospital,192 Conn. 451, 454, 460, 472 A.2d 1257 (1984).
Accordingly, the plaintiff's motion for leave amend is granted.
FORD, JUDGE