[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 18, 1996
On November 21, 1995, the plaintiff filed a complaint against CT Page 5152 Starter Corporation and David Montesi. Montesi has moved to strike the seventh count of the complaint for failure to state a claim upon which relief can be granted.
The seven-count complaint alleges that the two defendants breached two agreements relating to the provision of computer consulting personnel. In the first agreement, between the plaintiff and Starter, the plaintiff agreed to provide a consultant to Starter. In the second agreement, between the plaintiff and Montesi, the defendant Montesi contracted to perform the required consulting work for Starter on behalf of the plaintiff. A clause in the contract, between the plaintiff and Montesi, stated that Montesi would neither solicit nor accept employment from Starter for a period of one year after Montesi's employment with the plaintiff had ended.[1] The complaint further alleges that on July 14, 1995, Starter terminated the agreement with Nemeth/Martin but continued to use the services of Montesi in contravention of both contracts. The seventh count of the complaint, which defendant Montesi moves to strike, asserts that "[b]y breaching the Montesi Agreement and by misrepresenting that there no longer was need for his services by Starter, Montesi committed unfair and deceptive acts and/or trade practices as defined in Conn. Gen. Stat. § 42-110b."
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15. In considering a motion to strike, the court must take the "facts alleged in the complaint and construe them in a manner most favorable to the pleader . . . This includes the facts necessarily implied and fairly provable under the allegations . . . It does not include, however, the legal conclusion or opinions stated in the complaint." (Citations omitted; internal quotation marks omitted.) Forbes v. Ballaro,31 Conn. App. 235, 238-39.
In this case, Montesi moves to strike the seventh count of the complaint because it improperly raises a claim under the Connecticut Unfair Trade Practices Act (hereinafter CUTPA). He argues that the CUTPA claim is invalid for two reasons: (1) The relationship between Montesi and the plaintiff was an employer-employee relationship and thus beyond the scope of CUTPA; and (2) CUTPA requires more than a single transaction as alleged in the complaint. CT Page 5153
The plaintiff asserts that Montesi was an independent contractor. The accepted definition of an independent contractor is "one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work . . . The fundamental distinction between an employee and an independent contractor depends upon the existence or nonexistence of the right to control the means and methods of work." (Citations omitted; internal quotation marks omitted.)Silverberg v. Great Southwest Fire Ins. Co., 214 Conn. 632, 639. The contract between the plaintiff and Montesi (Exhibit B to the Complaint) identifies Montesi as a "consultant" and appears to contemplate a relationship in which the plaintiff would exercise minimal control over Montesi's work. Construing the facts in favor of the plaintiff, it seems clear that Montesi was an independent contractor rather than an employee.
As to Montesi's assertion that a CUTPA claim must be based on more than one transaction, the case law is to the contrary. A single transaction is sufficient to state a valid CUTPA claim.Connecticut Light and Power Company v. Clark, judicial district of Danbury, Docket No. 319078, 17 CONN.L.RPTR. 37 (May 16, 1996) (Moraghan. J.). Therefore, because the court may not go beyond the grounds of the motion, the defendant's motion to strike must fail. It is, accordingly, denied.
MORAGHAN, J.