[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved to strike both counts of the plaintiff's complaint. In the first count, which sets forth a cause of action for defamation, the plaintiff, a co-worker of the defendant's, alleges that she made "disparaging comments" concerning the plaintiff to other persons. In the second count, also for defamation, the plaintiff alleges that the defendant made false and malicious statements in a complaint which she filed with the commission on human rights and opportunities ("CHRO".)
The defendant moves to strike the first count on two grounds: CT Page 6385 that the count fails to allege that the defendant's statements were false and that the cause of action is barred by the statute of limitations. The basis for striking the second count is that the statements made in the CHRO complaint are privileged.
The motion to strike is granted with respect to both counts of the complaint. The first count fails to allege that the "disparaging statements" were false. Falseness of the statements made is a necessary element of the cause of action in defamation.Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc.,234 Conn. 1, 27 (1995). The plaintiff's failure to allege falseness renders the first count legally insufficient.
The defendant's contention with respect to the statute of limitations, however, is without merit. The first count alleges that the statements were made from September, 1993 until March, 1995. At least some of the statements are not barred by the statute of limitations because the complaint was served May 18, 1996. Moreover, the statute of limitations must be pleaded as a special defense and is not properly raised by a motion to strike. Practice Book § 164; Forbes v. Ballaro, 31 Conn. App. 235,239 (1993).
The key allegation of the second count reads, "[o]n August 16, 1995, at Waterbury, Connecticut, the defendant published in a complaint addressed to the Commission on Human Rights, the following: (See Exhibit `A' attached hereto)." Exhibit A is a photocopy of the complaint that the defendant filed with the CHRO, which sets forth her claim that the plaintiff sexually harassed her on the job. Communications or testimony elicited in connection with an ongoing quasi-judicial proceeding are absolutely privileged and cannot form the basis for a defamation claim. Petyan v. Ellis, 200 Conn. 243, 252 (1986). Counsel for the plaintiff conceded at oral argument that the CHRO is a quasi-judicial agency. He contends, however, that the second count is based on the fact that the defendant distributed copies of her complaint to other employees at their mutual place of work. Nowhere in the complaint is such an allegation made. The second count incorporates the allegations of the first count that the defendant made "disparaging comments," but there is no allegation that the defendant distributed copies of her CHRO complaint to co-employees. Such an allegation might be made in a new pleading filed pursuant to Practice Book § 157. The motion to strike the second count of the complaint is granted because the publication alleged in the second count, the filing of the CT Page 6386 complaint with the CHRO, was absolutely privileged.
VERTEFEUILLE, J.