[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#132)
On August 11, 1997, the plaintiff, Assunta Ronzone, filed a revised complaint alleging injuries sustained from a slip and fall. The plaintiff alleges that the defendants, Eastland Derby Realty Trust, Arnold Gorsky and Paul Gorsky, Trustees, negligently maintained a paved area on their property, and that while walking on that area, the plaintiff fell as a result of an accumulation of snow and ice.
On December 19, 1997, the defendants filed a third party complaint against Cherry Hill Construction, Inc. (third party defendant). The defendants allege that the third party defendant had a contractual duty to remove snow and ice from their property. Based upon the alleged negligence of the third party defendant in failing to remove any snow and ice, the defendants seek common law and contractual indemnification for any amounts for which they might become liable.
On March 3, 1998, the third party defendant filed an appearance in this matter. The plaintiff, filed a "cross-claim" CT Page 10799 dated March 6, 1998, against the third party defendant.
On May 6, 1998, the third party defendant filed a motion to strike on the ground that the plaintiff's cross-claim is legally insufficient. In a supporting memorandum of law, the third party defendant argues that the plaintiff's cross-claim is procedurally improper, or in the alternative, the cross-claim is barred by the statute of limitations. The plaintiff objects to the motion to strike and filed a memorandum in opposition.
Practice Book § 152 provides that any party may file a motion to strike to contest the legal sufficiency of any complaint, counterclaim or cross-claim. Practice Book § 152, now Practice Book (1998 Rev.) § 10-39(a). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint . . . [and] must construe [those facts] most favorably to the plaintiff." Faulkner v. United TechnologiesCorp. , 240 Conn. 576, 580, 693 A.2d 293 (1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v. Autuori,236 Conn. 820, 826, 676 A.2d 357 (1996).
I. Procedural Aspect of Plaintiff's Cross-claim
As a threshold matter, the plaintiff incorrectly characterized her complaint as a "cross-claim" against the third party defendant. "`Cross-claims' are litigated by parties on the same side of the main litigation. . . ." Black's Law Dictionary, 5th Ed. 1988. Although the proper procedure would have been to amend her original complaint to include a claim against the third party defendant, the plaintiff's use of a cross-claim is not fatal. See Radiology Clinics, P.C. v. Kollmer, Superior Court, judicial district of Middlesex, Docket No. 65559 (December 22, 1993, Walsh, J.) (noting that "courts should be careful not to overemphasize strict pleadings" where the pleadings are "sufficient to inform the parties of the action and to define the issues before the court."). The plaintiff's pleadings, although misnomered, is properly filed pursuant to C.G.S. § 52-102a(c).
II. Statute of Limitations
The third party defendant's alternative basis for its motion to strike "essentially raises a defense to the plaintiff's claim rather than a challenge to the legal sufficiency of the allegations." Branigan v. Kulak, Superior Court, judicial CT Page 10800 district of Hartford-New Britain at New Britain, Docket No. 449029 (September 18, 1992, Goldberg, J.) (7 C.S.C.R. 1158). "A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Forbes v. Ballaro, 31 Conn. App. 235, 239,624 A.2d 389 (1993). There exists only two situations wherein a motion to strike may be used to claim an action is barred by the applicable statute of limitations. Id. The first is where the parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the statute of limitations. Id. "The second is where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of liability itself as created, and not of the remedy alone." (Internal quotation marks omitted.) Id., 239-40. Neither exception applies to the facts of the present case. SeeBranigan v. Kulak, supra, 7 C.S.C.R. 1158.
Based on the foregoing, the third party defendant's motion to strike is denied.
John W. Moran, J.