[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, S.E. Minor Co., Inc., has moved (#122) to strike the second count of the substitute complaint filed by the plaintiff, Burning Tree Country Club, Inc., on August 19, 1998. The plaintiff is a private golf and country club located in Greenwich, and the defendant is an engineering and surveying firm also located in Greenwich. The defendant was hired by the plaintiff to provide engineering services in connection with the plaintiff's subsurface sewage disposal system located at the plaintiff's property. The first count of the substitute complaint alleges that the defendant was "professionally negligent" in the performance of its services to the plaintiff.
The second count, which is the subject of the motion to strike, is entitled "negligent breach of contract to perform professional engineering services." This count repeats the allegations of the first count and claims that the defendant "breached its said agreement' with the plaintiff by" negligently fail[ing] to perform the said engineering and surveying services" for the plaintiff" with the requisite degree of care, skill, competence and diligence which is I usually and ordinarily possessed and displayed by professional engineers and surveyors." The substitute complaint also alleges that the plaintiff retained the defendant in or about 1989 and 1990, that the work was "substantially completed" by April, 1990, and that the alleged negligence of the defendant was discovered by the plaintiff on January 2, 1997. The present action was commenced on December 30, 1997.
The defendant moves to strike this count on the theory that it constitutes a claim for an oral breach of contract barred by the statutes of limitations contained in General Statutes §52-584a and/or General Statutes § 52-581.[1] "`The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." Peter-Michael. Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "A [motion CT Page 3146 to strike] does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Holler v. BuckleyBroadcasting Corp. 47 Conn. App. 764, 768, 706 A.2d 1379 (1998). In determining the sufficiency of a motion to strike, "the court is limited to the facts alleged in the complaint." Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). The facts alleged in the complaint must be construed in a light most favorable to the pleader. RK Constructors. Inc. v.Fusco Corp. 231 Conn. 381, 384, 650 A.2d 153 (1994). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., id., 580.
The defendant asserts in its motion to strike that the plaintiff has alleged the breach of an oral contract, an action for which must be commenced within three years of the breach. The defendant also claims that the statute of limitations specifically applicable to engineers and surveyors such as the plaintiff, General Statutes § 52-584a, expired on April 4, 1990, seven years after "substantial completion of [the] improvement," and approximately eight months before this present action commenced.
The defendant's motion to strike is not properly before this court based on Forbes v. Ballaro, 31 Conn. App. 235, 624 A.2d 389
(1983), where the defendant moved to strike the plaintiff's complaint on the grounds of the statute of limitations. "A claim that an action is barred by . . . the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Id., 239. The Appellate Court indicated that there were two exceptions to that rule, neither of which is applicable in the present case. One exception applies when all of the facts pertaining to the statute of limitations are set forth in the complaint and the parties agree that the facts are true. The other exception involves a statute which creates the cause of action asserted in the plaintiff's complaint and establishes the time within which the cause of action must be asserted. Id., 239-40. See also Practice Book § 10-50, formerly § 164, which provides that a statute of limitations "must be specially pleaded."
Accordingly, the defendant's motion to strike is denied.
So Ordered. CT Page 3147
Dated at Stamford, Connecticut, this 12th day of March, 1999.
William B. Lewis, Judge