[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPORTIONMENT DEFENDANT'S MOTION TO STRIKE
The issue before the court is whether the plaintiffs failure to file a claim against the apportionment defendant within the sixty day time limitation in General Statutes § 52-102b (d) bars the claim. The court finds that the failure to file either an original complaint within two years under General Statutes § 52-584 or file the claim within sixty days of the return date of the apportionment complaint under §52-102b (d) bars the claim against the apportionment defendant.
 FACTS
This case arises out of a motor vehicle accident, where a car driven by the plaintiff, Frank Perazelli, landed in an open manhole on August 2, CT Page 13594 1997, injuring the plaintiff and damaging the plaintiffs automobile. The plaintiff filed a complaint against the defendants, Tilcon Connecticut and Tilcon, Inc., on September 2, 1999, claiming that the negligence of the defendants, whom the plaintiff claims were performing construction work in the manhole, was responsible for the plaintiffs injuries and property damage. On September 15, 1999, Tilcon, Inc., filed a motion for summary judgment claiming that it was not the responsible party. This motion was subsequently granted by the court on October 7, 1999.
Tilcon Connecticut then served an apportionment complaint on Ducci Electrical (Ducci) alleging that Ducci was the party responsible for the plaintiffs injuries and property damage. The return date of the apportionment complaint was November 2, 1999. The plaintiff later served a complaint on Ducci dated May 23, 2000. There is no record that this complaint was ever filed with the court.[1]
Ducci now moves to strike the plaintiffs complaint against it on the ground that the claim is barred by the sixty day time limitation prescribed by General Statutes § 52-102b (d). Both parties filed memoranda in support of their positions.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). Generally, "[a] claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Forbes v. Ballaro,31 Conn. App. 235, 239, 624 A.2d 389 (1993). "In two limited situations, however, [the court] will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when [t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer. . . . The second is where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right-it is a limitation of the liability itself as created, and not of the remedy alone." (Citation omitted; internal quotation marks omitted.) Id., 239-40. A claim brought pursuant to General Statutes § 52-102b (d)[2] falls within this second exception. See Jones v. Chapel Square Mall of New Haven, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 423606 (February 1, 2000, Alander, J.). CT Page 13595
Ducci argues that the untimeliness of the plaintiffs complaint brought against it requires that the complaint be stricken. Specifically, Ducci argues that the plaintiff failed to file either an original complaint against Ducci within the two year original statute of limitations under General Statutes § 52-584, or a complaint against Ducci within the sixty day statute of limitations under § 52-102b (d).
General Statutes § 52-584 provides in relevant part that "[n]o action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered. . . ." When an apportionment complaint is filed, however, the plaintiff can file a complaint against the apportionment defendant regarding any matters arising out of the same transaction or occurrence, within sixty days of the return date of the apportionment complaint, notwithstanding any applicable statute of limitations. General Statutes § 52-102b (d).
The plaintiff concedes that the complaint against Ducci was "filed" well after the time limitation in § 52-102b (d). The plaintiff argues, however, that the time limitation in § 52-102b (d) is directory and not mandatory and that, therefore, failure to file a claim against Ducci within the sixty day time limitation does not mean that the plaintiff is now unable to bring such claim.
The plaintiff relies on one Superior Court case to support his contention that the time periods prescribed in § 52-102b are not mandatory. See Ketchale v. Unger, Superior Court, judicial district of New Haven, Docket No. 396218 (July 14, 1998, Levin, J.) (22 Conn.L.Rptr. 418). In Ketchale, the defendant failed to serve an apportionment complaint on a nonparty within the 120 days after the return date of the original complaint. See id.; see also General Statutes § 52-102b (a). The court ruled that the time limitation was not a mandatory statute of limitations, but rather, the time period was "designed to secure order, system and dispatch in the proceedings." (Internal quotation marks omitted.) Id., 420. "The great majority of Superior Court cases that have considered the matter, [however,] have concluded that a court lacks jurisdiction over an apportionment claim not served within 120 days of the return date of the original complaint." Ortiz v. BridgeportHospital, Superior Court, judicial district of New London at New London, Docket No. 547104 (February 24, 2000, Corradino, J.).
"The result is the same when the plaintiff fails to serve the . . . complaint upon the apportionment defendants within sixty days of the CT Page 13596 return date of the apportionment complaint." Verner v. Laval, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 161204 (October 13, 1998, D'Andrea, J.) (23 Conn.L.Rptr. 191, 192). "Since the majority of the courts have been strictly enforcing the 120-day statutory limit for original defendants who wish to serve apportionment complaints, it would be somewhat anomalous not to similarly enforce the sixty day limit for plaintiffs who wish to "plead over' claims against apportionment defendants." Becker v. Cody, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348815 (March 31, 1999, Nadeau, J.).(24 Conn.L.Rptr. 323, 324). Therefore, this court finds that the time limitation in § 52-102b (d) is mandatory and not directory.
The return date of the apportionment complaint is November 2, 1999. The plaintiffs complaint against Ducci is dated May 23, 2000, well beyond the time after which the sixty day statute of limitations in § 52-102b
(d) elapsed. For all these reasons, Ducci's motion to strike is granted.
 CHASE T. ROGERS SUPERIOR COURT JUDGE