[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (MOTION NO. 101)
Defendant Underground Construction Survey, Inc. moves to strike both counts of complaint filed by the plaintiff, Town of Monroe, on the ground that count one is barred by General Statutes § 52-576 and count two by General Statutes § 52-584. The town contends that its claims are saved by General Statutes § 52-577c. For the reasons set forth below, the motion to strike is denied.
The Town of Monroe seeks to recover compensation for losses it incurred as the result of an oil leak on its high school premises. The town commenced this action on July 12, 2001. In the first count of its complaint, the town alleges the following. On or about December 6, 1989, the town and Underground Construction entered into a written contract pursuant to which Underground Construction agreed to remove and replace an underground fuel storage tank and related piping at Masuk High School. On or about January 15, 1990, Underground Construction completed the work and was paid in full. On or about November 2, 1999, fuel oil was discovered on the grounds of Masuk High School, requiring costly and emergency reparative measures, including the removal of the oil tank, the removal of approximately 12,000 gallons of fuel from the fuel oil tank grave, and the removal of oil from the surrounding soil and septic system. A subsequent investigation revealed that the leak was caused by corroded pipes in the underground fuel oil return system, which pipes Underground Construction was to have replaced pursuant to the contract. The town asserts that the defendant breached the contract.
In the second count, the town alleges that Underground Construction was negligent in failing to replace all of the old underground piping with new piping as provided for in its agreement with the town and that Underground Construction knew or should have known that the old piping did not meet contemporary industry standards and, therefore, was likely to fail. The town also alleges that Underground Construction was CT Page 4586 negligent in failing to install a proper sleeve around the underground piping to prevent oil leaks in the event of a piping failure.
Underground Construction moves pursuant to Practice Book § 10-39 to strike each count on the ground the claims are time barred. "A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Forbesv. Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389 (1993); see also Practice Book § 10-50. When litigants agree that the complaint sets forth all the pertinent facts, a statute of limitations issue may be raised by a motion to strike. Forbes v. Balarro, supra,31 Conn. App. 239-40. While Underground Construction claims that all the pertinent facts are alleged in the complaint, the town does not agree.
Underground Construction claims that the first count is barred by General Statutes § 52-576[1] and the second count by General Statutes § 52-584.[2] The plaintiff, on the other hand, claims that General Statutes § 52-577c[3] is the applicable statute of limitations. This latter statute allows an action "for personal injury or property damage caused by exposure to a hazardous substance or mixture or hazardous pollutant released into the environment" to be brought within two years of discovery of the injury. The plaintiff's claims are time barred unless § 52-577c is applicable.
"General Statutes § 52-577c . . . is the applicable statute of limitations for personal injury or property damages caused by exposure to a hazardous pollutant, "whether based on negligence or some other theory." Goldblum v. The Pittson Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 126252 (April 24, 1996, Stevens, J.) (16 Conn.L.Rptr. 512); Millbrook Owner's Association v. Hamilton Std., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 556416 (June 11, CT Page 10131 1996, Hennessy, J.) (17 Conn.L.Rptr. 178). The legislative history of § 52-577c
indicates that the purpose of this statute "was to extend the statute of limitations for suits to recover damages caused by toxic waste pollution." Goldblum v. The Pittson Co., supra, 16 Conn.L.Rptr. 512."Blackburn v. Miller-Stephenson Chemical Co., Superior Court, Judicial District of Danbury, Docket No. 314089 (September 11, 1998, Leheny, J.) (holding § 52-577c governs negligence claims).
Contamination by a petroleum product was excluded from § 52-577c
until 1998, when the legislature changed the definition of "hazardous substance." The definition now includes "petroleum" or "petroleum products." This change was procedural in light of the fact § 52-577c
does not establish a right to sue for personal injury or property damage but merely extends the limitation period for claims where damage is CT Page 4587 caused by exposure to hazardous substances. The contamination in this case was discovered after the statute was amended.
The motion to strike is denied.
THIM, J.