[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO REARGUE (MOTION TO STRIKE)
The defendant has requested this court to reconsider a decision not to strike the first count of the plaintiff's complaint. The defendant argues that this court incorrectly construed General Statutes § 52-577c as being applicable to a breach of contract claim. The plaintiff, on the other hand, argues that nothing new is being presented to the court and that the defendant's interpretation of § 52-577c reduces the statute to a nullity and is against general principals of statutory construction. For the reasons stated below, this court revises its analysis of the applicability of the statute but lets the decision stand for procedural reasons.
"[A] judge should not lightly depart from a prior ruling on a motion . . . Barnes v. Schlein, 192 Conn. 732, 734, 473 A.2d 1221 (1984). "[T]he practice of judges [is] generally to refuse to reopen what has been decided . . ." Breen v. Phelps, 186 Conn. 86, 97, 439 A.2d 1066 (1982). Nevertheless, if the case regularly comes before the court and the judge becomes convinced that the view of the law previously applied was erroneous and would work an injustice, the judge should depart from the earlier ruling. The important question is which view of the law is correct.
The issue is whether § 52-577c (b) applies to contract claims. This statute reads as follows:
Notwithstanding the provisions of sections 52-577 and 52-577a, no action to recover damages for personal injury or property damage caused by exposure to a hazardous chemical substance or mixture or hazardous pollutant released into the environment shall be brought but within two years from the date when the injury or damage complained of is discovered or in the exercise of reasonable care should have been discovered. CT Page 3053
The defendant argues that this court, when previously construing the statute as applicable to contract actions, improperly relied on dicta from two Superior Court decisions.
The question of whether § 52-577c (b) applies to contract actions presents a question of statutory interpretation. "The process of statutory interpretation involves a reasoned search for the intention of the legislature . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case, including the question of whether the language actually does apply. In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . ." (Internal citations omitted.) Bender v. Bender, 258 Conn. 733, 741, 785 A.2d 197 (2001).
Section § 52-577c (b) provides an unlimited period of time to bring an "action to recover damages for personal injury or property damage caused by exposure to a hazardous chemical substance or mixture or hazardous pollutant released into the environment" provided the discovery provisions are met. If the statute applies to contract claims, as the plaintiff claims it does, the plaintiff's contract claim would not be barred as the plaintiff filed its complaint within two years after it discovered a leak from a corroding pipe. If the statute does not apply, the contract claim would be barred inasmuch the defendant completed the installation of the tank on January 15, 1990. Amoco Oil Co. Liberty Auto Electric Co., 262 Conn. 142, 154, 810 A.2d 259 (2002) (contract claim accrued on date defendant completed installation of tank).
Grammatically, the limitation period set forth in General Statute § 52-577c (b) is connected by the conjunctive word "notwithstanding" to General Statutes §§ 52-577 and 52-577a, which set forth limitation periods for tort actions and product liability claims. The legislature has used the word "notwithstanding" throughout Chapter 926 (Statute of Limitations) when carving out exceptions to specific statutes of limitations.[1] A reasonable interpretation of the language used in § 52-577c (b) is that the legislature, by connecting the language of the new limitation period to §§ 52-577 and 52-577a (a), meant that it would apply to tort actions and product liability claims based on exposure to a hazardous chemical or mixture or hazardous pollutant, that it would only apply to those claims, and that it would apply to those claims in spite of the fact that the claims might otherwise be barred by §§ 52-577 and 52-577a (a). CT Page 3054
The legislative history is significant. A review of the history shows that the legislature did not intend that § 52-577c (b) would apply to contract actions. Those who commented on the bill during public committee hearings were concerned with "private tort actions based on personal injuries or property damage . . ." No one mentioned extending the limitation period for contract claims. Attorney General Clarine Nardi Riddle made the following comment:
This bill concerns private tort actions based on personal injuries or property damage caused by hazardous chemicals. The legislation will start the statute of limitations on the date upon which potential plaintiffs discover the injury or damage. The plaintiffs would then have two years from that date in which to commence tort actions against the defendants. Conn. Joint Standing Committee Hearings, Judiciary, Pt. 3, 1984 Sess., p. 812.
Suzanne Langille, staff attorney with the Connecticut Fund for the Environment, testified at the same hearing and stated that the then existing statute of limitations "makes a lot of sense when you're talking about car accidents but does not make a whole lot of sense when you're talking about injuries from toxic pollutants." Conn. Joint Standing Committee Hearings, Judiciary, supra, p. 728.
After closely reviewing the legislative history, the words of the statute, the policy it was designed to implement and its relationship to existing legislation, this court concludes that the legislature did not intent § 52-577c (b) to apply to contract actions.
This conclusion changes the court's rationale for denying the first part of the motion to strike, which was addressed to the first count. This court's prior construction of the applicability of § 52-577c (b) should not be considered as the law of the case.
The court, despite the foregoing analysis, lets stand the decision denying the motion to strike the first count for the reason "a claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike . . . A motion to strike might . . . deprive a plaintiff of an opportunity to plead matters in avoidance of the statute of limitations defense." Forbesv. Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389 (1993); Practice Book § 10-50. While an exception to this rule applies when the parties agree that the complaint sets forth all the pertinent facts, it is not at all clear that the parties agree that the complaint sets forth all the pertinent facts. CT Page 3055
 So ordered. THIM, J.