[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONDEFENDANTS' MOTION TO STRIKE
This is an action for breach of contract, breach of fiduciary duty and breach of an implied covenant of good faith and fair dealing brought by the plaintiffs, eleven currently employed, retired or former teacher assistants and custodians of the Norwich school system, against the defendants, the City of Norwich (City), the Norwich Board of Education (Board of Education), the Norwich Personnel and Pension Board (Personnel Board) and the members of the Board of Education and Personnel Board individually.
The plaintiffs allege in their revised complaint that they were all entitled to participate in the City's pension system. The plaintiffs further allege in paragraph 19(b) of count one that the defendants have refused to allow them to become full members of the pension system, as well as have refused to allow them "to fund or buy back, their rightful contributions to the fund so as to entitle them to be members from the date of hire through termination or retirement."
The Board of Education and its members have moved to strike the entire complaint on the ground that it fails to state a cause of action for which relief can be granted. The defendants argue that the plaintiffs' claims are barred by the applicable statute of limitations and, in addition, that the plaintiffs have failed to allege that they are employees of the City and, therefore, eligible to participate in the City's pension system.
Under section 152 of the Practice Book, a motion to strike is proper and permissible "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . ." "In deciding upon a motion to strike . . ., a trial court must take the facts to be those alleged in the complaint . . ." Liljedahl Bros., Inc. v.Grigsby, 215 Conn. 345, 348 (1990). The court must construe the facts in the complaint most favorably to the pleader.Novametrix Medical Systems, Inc. v. BOC Group, Inc. 224 Conn. 210, CT Page 346 215 (1992). This includes the facts necessarily implied and fairly provable under the allegations. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495
(1992).
According to the Board of Education, the plaintiffs' claim for breach of contract is barred by the six year statute of limitations set out in section 12 of the act establishing the City of Norwich's Employee Retirement Fund, which states:
 No action for amounts due under the provisions of this act shall be brought but within six years after the right of action shall accrue. Persons legally incapable of bringing an action when the right accrued may sue at any time within the three years next after becoming legally capable of instituting suit. All amounts not claimed within said period shall remain absolutely a part of the retirement fund.
The Board of Education additionally asserts that counts two and three, sounding in breach of fiduciary duty and breach of the covenant of good faith and fair dealing, are also barred by the three year statute of limitations for torts. See General Statutes § 52-577.
The Board of Education's reliance on any statute of limitations is misplaced. "A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Forbes v.Ballaro, 31 Conn. App. 235, 239 (1993). The court will allow the motion to strike if the defense of the statute of limitations is raised in two limited situations. "The first is when `[t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer.'. . . The second is where `a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced . . .'" Id. 239-40.
The first exception is not applicable because the complaint is void of any dates alleging when each of the plaintiffs were hired. Thus, to hold that the statute of limitations has run would be to assume facts not in the CT Page 347 pleadings and, therefore, improper. On its face, the second exception has no application.
As an additional ground for striking the entire complaint, the Board of Education asserts that the plaintiffs have failed to allege that they are current or former employees of the City. The Board of Education is correct in asserting that paragraph 3 of count one merely alleges that the plaintiffs were employees of the Norwich school system. Paragraph 10 of count one, however, further alleges that the act setting up the pension system states that "each regular full time employee of the City of Norwich, except school teachers, are eligible to participate in the fund . . ." Paragraph 11 of count one asserts that the "Plaintiff's [sic] all meet or met the employment requirements under the Fund and therefore are or were automatically entitled to become members of the Fund on their respective dates of hire."
Viewing the complaint in a light most favorable to the pleading party and assuming the truth of the allegations contained therein, the court finds that the plaintiffs have properly pleaded that they are or were employees of the City and eligible to participate in the City's pension system.
For the reasons stated above, the motion of the Board of Education and its members to strike all of the counts of the complaint is denied.
Hendel, J.