[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The defendant, H. Sean Mathis has moved to strike the third count of the complaint which alleges a violation of the Connecticut Unfair Trade Practice Act, § 42-110 (a) et seq. of the Connecticut General Statutes ("CUTPA"). The pertinent allegations of the complaint are set forth below.
In May, 1986 the plaintiff, the defendant and one Thomas Donegan, who were both old friends and business associates of the plaintiff, formed a corporation known as Litchfield Holdings, Inc. in order to purchase and sell real estate. At the time of the formation of the corporation the three shareholders were the plaintiff and Donegan, who each had 333 shares, and the defendant, who had 334 shares.
The only asset of Litchfield Holdings, Inc. in December, 1990 was real estate located at 43-53 Wadsworth Street, Hartford, Connecticut. By that time the plaintiff had invested at least $40,000 in Litchfield Holdings, Inc. On December 31, 1990 the defendant conducted a meeting of the Board of Directors and CT Page 770 Shareholders of Litchfield Holdings, Inc. and voted the shares of the corporation in favor of selling the real estate of the corporation to a corporation known as Wadsworth Holdings, Inc. for the amount of the existing mortgage. Wadsworth Holdings, Inc. was a corporation wholly owned by the defendant.
The complaint further alleges that the plaintiff did not approve the sale of the corporate property, and did not learn of the sale "for some period of time." At the time of the sale the defendant was allegedly holding the plaintiff's shares in trust.
The complaint does not contain any allegation as to how or why the defendant was holding the plaintiff's shares in trust. It also does not allege that at the time of the sale of the property of the corporation that property had a fair market value in excess of the amount of the mortgage. Therefore, it does not allege any factual basis to permit a conclusion that the plaintiff sustained any damage as a result of the sale. Rather, it alleges only that the plaintiff received no consideration from the sale of the corporation's only asset and that the sale was "fraudulent, in violation of the fiduciary duties owed to the plaintiff by the defendant and in violation of the statutes made and provided and common law."
The defendant seeks to strike only the third count of the complaint which contains the allegations described above and also alleges:
 9. The defendant is in business in the State of Connecticut selling stocks and other securities, investing in and selling real estate, mortgages and other investment schemes.
 10. The actions of the defendant with regards to his investment in Litchfield Holdings, Inc. and the actions of the defendant as trustee are and were part of a pattern of doing business by this defendant. These actions were very similar to the actions taken by the defendant in regards to an investment which he held in trust for the then wife of the plaintiff and which investment was held by him as trustee and which was used for the personal gain and advantage of the defendant.
The third count alleges that the defendant violated CUTPA "since he had previously engaged in the practice of using trustee CT Page 771 property, that is, property held by him as a trustee for the benefit of another, for the defendant's own personal use, gain, profit and advantage," and that the actions of the defendant were "an unfair and deceptive trade practice."
The defendant has advanced two grounds for his motion. First, he claims the third count fails to state a cause of action because CUTPA does not apply to intercompany disputes among shareholders. Second, he contends that the third count should be stricken because it was not brought within the period of the applicable statute of limitations. The court agrees with both arguments.
Courts in this state have ruled that disputes which take place between partners or shareholders in business do not amount to consumer, commercial or trade transactions protected by CUTPA. InMoran, Shuster, Carignan Knierim v. August, 43 Conn. Sup. 431
(1994) the court held that the "internal strife of a partnership does not arise in trade or commerce and does not cause substantial demonstrable injury to consumers, competitors or other businessmen." 43 Conn. Sup. at 436.
Connecticut General Statutes § 42-110g(a) provides in part:
 Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by § 42-110b, may bring an action. . . . Proof of public interest . . . shall not be required. . . ."
Connecticut General Statutes § 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." CUTPA defines trade or commerce as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." § 42-110a(4).
In Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 725-27,627 A.2d 374 (1993), the Supreme Court stated that "although "[p]rivate litigation under this act is essential . . . it strains credulity to conclude that CUTPA is so formless as to provide redress to any person, for any ascertainable harm, caused by any person in the conduct of any trade or commerce. Although privity, in the traditional contractual sense of an exchange of consideration CT Page 772 between parties, may no longer be essential for standing under CUTPA, a claimant under CUTPA must possess at least some type of consumer relationship with the party who allegedly caused harm to him or her. CUTPA was, after all, enacted by the legislature to put Connecticut in the forefront of state consumer protection. . .'". (Internal quotation marks omitted.)
In Chester v. Schatz, Schatz, Ribicoff Kotkin, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 447376 (June 3, 1992, 7 C.S.C.R. 721), the court held that an attorney-partnership dispute was comparable to the employer-employee relationship, which is clearly outside the scope of CUTPA. See Quimby v. Kimberly Clark Corp., 28 Conn. App. 660670, 613 A.2d 838 (1992).
In Perrotti v. Knox, No. 32-10-73, 1992 WL 399709, at **2 (Conn.Super.Ct. 1992) the court granted a motion to strike a CUTPA claim because "[t]he conduct of the defendants . . . arises not from trade or commerce involving third parties, but rather from an intercompany dispute among shareholders."
In determining when a practice is unfair, the Connecticut Supreme Court has
 adopted the criteria set out in the "cigarette rule" by the federal trade commission . . . (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].
(Citations omitted; internal quotation marks omitted.) A-G Foods,Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215.
Aside from the plaintiff's failure to allege any ascertainable loss, which is necessary in order to state a cause of action under CUTPA, the plaintiff fails to allege in the third count that the acts alleged were committed in the conduct of any trade or CT Page 773 commerce, as defined, and that such acts caused damage to consumers, competitors and businessmen outside the corporation. The allegations in the third count relate only to the defendant's obligations as a shareholder and trustee of a shareholder in Litchfield Holdings, Inc. and the relationship among the shareholders in that corporation. The relationship, obligations, duties and conduct among shareholders in a corporation do not come within the definition of trade or commerce under CUTPA. Quimby v.Kimberly Clark Corporation, 28 Conn. App. 660, 670, 613 A.2d 838
(1992).
The bare allegations that the defendant engaged in the business of buying and selling real estate and had previously misused shares held in trust are not sufficient to transform this action, which is a dispute between shareholders, into a dispute between a real estate seller and a consumer. The third count does not state a cause of action under CUTPA.
Generally a claim that an action is barred by a statute of limitations must be pleaded as a special defense and cannot be raised by a motion to strike. Forbes v. Ballaro, 31 Conn. App. 235,239, 624 A.2d 389 (1993). However, Forbes recognized an exception to this rule which exists where a cause of action is created by statute and the statute fixes a time limitation as a substantive restriction attached to the statutory rights. Id.
at 239-240.
The statute of limitations for a CUTPA claim is three years. Connecticut General Statutes § 42-110g(f); Lester v. ResortCamplands Int'l, Inc., 27 Conn. App. 59, 71, 605 A.2d 550 (1992). The CUTPA limitation period begins to run when the alleged violation takes place, not when it is discovered. Section 42-110g(f) provides that "an action under this section may not be brought more than three years after the occurrence of a violation of this chapter;" Fichera v. Mine Hill Corp., 207 Conn. 204, 212,541 A.2d 472 (1988).
The Court in Fichera stated:
 Unlike the statutes of limitation of some other states applicable to unfair trade practices legislation . . . which expressly allow a certain period following the discovery of the deceptive practice for commencing suit . . . § 42-110g(f) provides only that an action must be brought within three years "after the occurrence of a violation CT Page 774 of this chapter." 207 Conn. at 212.
The purpose of the general rule prohibiting the use of a motion to strike to raise a statute of limitations defense is to give the plaintiff an opportunity to plead fraudulent concealment in avoidance of the statute of limtations [limitations]. Forbes v. Ballaro,31 Conn. App. 235, 239, 624 A.2d 389 (1993). However, fraudulent concealment can only toll a limitation period which is determined by the date of notice of the wrongful act. It cannot toll a limitation period which is determined only by the date on which the wrongful act occurred. The three year statute of limitations found in § 42-110g(f), therefore, cannot be tolled by allegations of fraudulent concealment. Wunsch v. Milford Crane Mach. Co.,
No. CV88-25-28-60, 1990 WL 920117, at **4 (Conn.Super.Ct. 1990).
The third count alleges that the wrongful act occurred on December 31, 1990, more than three years before April 13, 1994, the date of the original complaint in this action. The third count is, therefore, barred by the three year statute of limitations found in § 42-110g(f).
For the foregoing reasons, the Motion to Strike is granted.
By the Court,
Aurigemma, J.