[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFFS' MOTION TO STRIKE (NO. 103)
This is an action for injunctive relief and damages brought by the plaintiffs, James K. and Patricia A. Malloy (plaintiffs or Malloys), against the defendants, John A. and Pamela C. Gentile (defendants or Gentiles). The relevant facts alleged in the plaintiffs' complaint are as follows. The Malloys are record owners of property located in Stonington, Connecticut. Since April 1977, the Gentiles have owned a piece of land adjoining that of the Malloys. The Malloys allege that they have a right to pass over the land of the Gentiles via a mutual driveway. The complaint further alleges that the "defendants wrongfully obstructed and continue to obstruct that way by parking a car and boat trailer thereat" thus preventing the plaintiffs from using the driveway.
On May 26, 1996, the Gentiles filed an answer, five special defenses, and a counterclaim. The motion to strike is applicable only to the fourth and fifth special defenses and the counterclaim. The fourth special defense alleges that the CT Page 5114-HHHH plaintiffs are estopped from prosecuting this action because the harm complained of was caused by the Malloys' own fraudulent actions. The fifth special defense claims that the Malloys unreasonably delayed the bringing of this suit, and assert the doctrine of laches as a defense. In their counterclaim, the Gentiles allege that in 1984 the Malloys constructed a one room addition to their home. The defendants claim that in the construction process, the plaintiffs filed an application with the local zoning board showing the proposed addition and its distance from the defendants' property line. The defendants further assert that the Malloys knew or should have known that the addition was too close to the neighboring property line and in violation of the setback requirements of the zoning regulations. The defendants allege that the addition constitutes a nuisance. In addition to attorney's fees and costs, the defendants seek damages as well as an injunction restraining the plaintiffs from building too close to their property line. The defendants also seek an order requiring the Malloys to remove the structure based on a violation of the setback requirements.
The plaintiffs have moved to strike the fourth and fifth special defenses as well as the counterclaim for failure to state a claim for which relief can be granted. The plaintiffs' principal claim is that the defendants' actions are barred by the applicable statute of limitations. Because the defendants raise fraud as a defense to the plaintiffs' claims, they assert that the cause of action is governed by the three year statute of limitations in General Statutes § 52-577. The defendants counter that the running of the statute of limitations is more properly raised as a special defense and not by way of a motion to strike.
 II
Section 152 of the Practice Book provides that a motion to strike is proper and permissible "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted. . ." "In deciding a motion to strike . . . a trial court must take the facts to be those alleged in the complaint. . ." Liljedahl Bros. Inc. v.Grigsby, 215 Conn. 345, 348 (1990). The court must construe the facts in the complaint most favorably to the pleader. NovametrixMedical Systems Inc. v. BOC Group, Inc. 224 Conn. 210, 215
(1992). This includes the facts necessarily implied and fairly CT Page 5114-IIII provable under the allegations. Westport Bank Trust Co. v.Corcoran Mallin Aresco, 221 Conn. 490, 495 (1992).
The plaintiffs' reliance on the statute of limitations is misplaced. "A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Forbes v. Ballaro, 31 Conn. App. 235,239 (1993). The court will allow the motion to strike if the defense of the statute of limitations is raised in two specific situations. "The first is when `[t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer.'. . . The second is where `a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced. . .'" Id. 239-40. A review of the pleadings demonstrates that neither exception applies to this case; therefore, the motion to strike is improper and is denied.
CONCLUSION
For the above-stated reasons, the plaintiffs' motion to strike is denied.
Teller, J.