[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 24, 1997, the plaintiff, James Diette, filed a second amended seventeen-count complaint against the defendants, Dental Group of Norwalk, P.C. (Group) and Rudolph A. Passero. The plaintiff alleges in his complaint that he began working as a dentist for the defendant Group in 1980. At that time' according to the plaintiff, the defendant Passero was the sole shareholder of the Group. During or about 1981, the defendant Passero offered to sell an ownership interest in the Group to the plaintiff. The plaintiff and the defendant Passero allegedly agreed that the plaintiff would perform periodic dental work on patients without pay, as a credit towards his purchase of an ownership in the Group. The plaintiff further alleges that he performed work between 1981 and 1989 which entitles him to an interest in the Group.
The plaintiff also alleges that during or about June of 1996, the defendants began negotiations with Dr. Ronald Ghiz. Ghiz was a dentist interested in purchasing the Group's practice. During negotiations with Ghiz, the defendant Passero allegedly misrepresented to Ghiz that he was the sole owner of the Group, and that the plaintiff was merely an associate. According to the complaint, the plaintiff, upon learning of this development, sought to redress the problem by demanding an accounting. The defendant Passero refused the request and questioned the plaintiff's interest in the Group.
On October 31, 1997, the defendants filed an amended motion to strike. The defendants move to strike counts one through seventeen. "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiff], to determine whether the [plaintiff] has stated a legally sufficient cause of action." CT Page 2253Napoletano v. Cigna Healthcare of Connecticut, Inc.,238 Conn. 216, 232-33, 680 A.2d 127 (1996), cert. denied, ___ U.S. ___,117 S.Ct. 1106, 137 L.Ed.2d 308 (1997).
COUNTS ONE and TWO: Breach of Contract
Count one sounds in breach of contract against the defendant Passero. Count two sounds in a derivative breach of contract claim against the defendant Group. The defendants move to strike counts one and two on the grounds that the allegations fail to state a claim for breach of contract and are barred by the Statute of Limitations and the Statute of Frauds.
"The key elements of a breach of contract action are: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party and (4) damages."Paglia v. The McCue Mortgage Co., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 114424 (Aug. 11, 1994, Sylvester, J.).
In the present case, the plaintiff alleges that there was an agreement between the plaintiff and the defendant Passero; that the plaintiff performed, but the defendants breached the agreement; and damages resulted.
"Courts permit the Statute of Frauds to be raised by a motion to strike [only] when the alleged agreement falls squarely within those categories of agreements required to be in writing."Boccuzzi v. Murphy, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 112957 (Sept. 12, 1991, Karazin, J.).
The statute of frauds is inapplicable to contracts of indefinite duration. C.R. Klewin, Inc. v. Flagship Properties,Inc., 220 Conn. 569, 581, 600 A.2d 772 (1991); Burkle v.Superflow Mfg. Co., 137 Conn. 488, 492-93, 78 A.2d 968 (1951). "The enforceability of a contract under the one year provision does not turn on the actual course of subsequent events, nor on the expectations of the parties as to the probabilities. Contracts of uncertain duration are simply excluded; the provision covers only those contracts whose performance cannot possibly be completed within a year." Finley v. Aetna Life Casualty Co., 202 Conn. 190, 197, 520 A.2d 208 (1987), overruled on other grounds, Curry v. Burns, 225 Conn. 782, 786,626 A.2d 719 (1993). CT Page 2254
In the present case, the alleged contract between the parties centers around an oral agreement. This oral agreement, as alleged, appears to be a contract of an uncertain duration. Therefore, the alleged contract does not fall "squarely within those categories of agreements required to be in writing." Therefore, the statute of frauds is improperly raised here as a ground for the defendants' motion to strike.
A claim that an action is barred by the statute of limitations must be pleaded as a special defense, not raised by a motion to strike. Forbes v. Ballaro, 31 Conn. App. 235, 239,624 A.2d 389 (1993). There are only two exceptions to this general rule: "The first is when the parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the statute of limitations and that, therefore, it is proper to raise that question by a [motion to strike] instead of an answer . . . . The second is where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone." (Citations omitted; internal quotation marks omitted.) Id., 239-40.
The two exceptions to the general rule do not apply in the present case. Here, the plaintiff and the defendants do not agree as to all pertinent facts. Further, the causes of action are common law claims that do not specifically fix a time within which the claim must be enforced. Therefore, the statute of limitations is improperly raised here as a ground for the defendants' motion to strike.
The defendants' grounds to strike counts one and two are improper. Counts one and two of the plaintiffs' complaint are legally sufficient. Therefore, the defendants' motion to strike counts one and two is denied.
 COUNTS THREE and FOUR: Breach of Employment Contract/Quantum Meruit
Count three sounds in "breach of employment contract/quantum meruit" against the Group. Count four reasserts the same claim against Passero. The defendants, in their Group. Count four reasserts the same claim against Passero. The defendants, in CT Page 2255 their memorandum of law, state that they are moving to strike counts three and four "[f]or the reasons set forth [above]. . . ." Therefore, the defendants' motion to strike counts three and four is similarly denied.
COUNTS FIVE and SIX: Civil Conspiracy
Count five alleges a civil conspiracy against the defendant Passero. Count six alleges a derivative civil conspiracy against the defendant Group. The defendants move to strike counts five and six on the ground that the plaintiff's allegations fail to state a claim and are "barred by the intracorporate conspiracy doctrine."
The elements of "a civil action for conspiracy are: (1) a combination between two or more persons, (2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff." Marshak v. Marshak226 Conn. 652, 665, 628 A.2d 964 (1993).
The plaintiff alleges, in count five of the complaint, that "the [d]efendant Passero conspired with others to deprive [the p]laintiff of his ownership interest in [the d]efendant Dental Group, and in furtherance of that conspiracy, [d]efendant Passero has engaged in negotiations to sell the practice of [the d]efendant Dental Group or has actually sold a portion of said practice." The plaintiff also states that "[s]aid conspiracy has caused the [p]laintiff damages."
These allegations do not amount to a legally sufficient cause of action sounding in conspiracy. Specifically, the plaintiff has not alleged what, if any, unlawful act or "lawful act by criminal or unlawful means" in which the defendant Passero engaged. The fact that the defendant may have conspired with others to "deprive" the plaintiff "of his ownership interest" in the defendant Group does not, in itself, necessarily rise to the level of an unlawful act.
Counts five and six of the plaintiffs complaint are legally insufficient. Therefore, the defendants' motion to strike counts five and six is granted.
COUNTS SEVEN and EIGHT: Fraud
CT Page 2256
The plaintiff, in count seven of the complaint, alleges fraud against the defendant Passero. Count eight sounds in a derivative claim of fraud against the Group. The defendants move to strike these counts on the grounds that they fail to state a cause of action and are barred by the statute of limitations. The defendants also move to strike these counts on the ground that the plaintiff lacks standing to make any claims based on fraud.
Recalling that "a claim that an action is barred by the statute of limitations must be pleaded as a special defense, not raised by a motion to strike," see discussion supra, the court need not address any further this ground for the motion to strike.
The essential elements of an action sounding in fraud are (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it as to his injury. Rizzo PoolCo. v. Del Grosso, 232 Conn. 666, 683, 657 A.2d 1087 (1995). Questions of fraud and misrepresentation present issues of fact.Maturo v. Gerard, 196 Conn. 584, 494 A.2d 1199 (1985). While the general rule is that a misrepresentation must relate to an existing or past fact, there is an exception to the rule which provides that a promise to do an act in the future, coupled with an intent not to fulfill the promise, is a false representation.Copelco Credit v. Surface Techniques, Superior Court, judicial district of Stamford/Norwalk Docket No. 104457 (August 9, 1990, Hickey, J.).
The plaintiff alleges, in his complaint, that the defendant Passero made misrepresentations to the plaintiff concerning ownership interest in the Group. The plaintiff also alleges that "the representations were made with the intention of deceiving and defrauding the Plaintiff." Finally, the plaintiff alleges that the plaintiff believed the representations and relied on these representations when entering the alleged verbal agreement. The plaintiff has pleaded properly the essential elements of an action sounding in fraud.
The defendants also move to strike these counts on the ground that the plaintiff lacks standing to make any claims based on fraud. "[S]tanding . . . implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings." StamfordCT Page 2257Hospital v. Vega, 236 Conn. 646, 656, 674 A.2d 821 (1996). "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has . . . some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . .
"The standing requirement is designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . . [T]he complaining party must be a proper party to request adjudication of the issues. . . .
"A complaining party ordinarily can show that it is a proper party when it makes a colorable claim of [a] direct injury [it] has suffered or is likely to suffer, in an individual or representative capacity. Such a personal stake in the outcome of the controversy . . . provides the requisite assurance of concrete adverseness and diligent advocacy." (Citation omitted; internal quotation marks omitted.) Community Collaborative ofBridgeport. Inc. v. Ganim 241 Conn. 546, 552, 698 A.2d 245
(1997).
In the present case, the plaintiff has made a colorable claim of a direct injury that he has suffered. Therefore, the plaintiff has the proper standing to bring about a cause of action sounding in fraud for any misrepresentations made to him directly.
The defendants' motion to strike counts seven and eight of the plaintiff's complaint is denied.
COUNTS NINE and TEN: CUTPA
The plaintiff, in count nine of the complaint, alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA) against the defendant Passero. Count ten alleges a violation of CUTPA against the defendant Group. The defendants move to strike counts nine and ten on the grounds these counts are legally insufficient and are barred by the statute of limitations. Specifically, the defendants argue that the plaintiff cannot maintain a CUTPA claim because his complaint centers solely around the internal workings of a corporation. Thus, the claim falls outside the scope of CUTPA. CT Page 2258
"The majority of Superior Court case law holds that CUTPA is inapplicable to the internal workings of partnerships. Although there are decisions to the contrary, the reasoning of these majority decisions is persuasive on the court. Since all of the defendants' allegations of the plaintiff's unfair and deceptive acts and practices' occurred within the confines of the partnership, the threshold facts sufficient to constitute a CUTPA claim have not been alleged." See August v. Moran, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 538682 (March 18, 1996, Wagner, J.); Chila v. Chila,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 140570 (April 3, 1995, D'Andrea, J.); see also Heller v. North American Rock Co., 3 Conn. L. Rptr. 215
(Feb. 6, 1991, Lewis, J.).
In the present case, the plaintiff alleges that the defendants made misrepresentations upon which the plaintiff relied on in hopes of securing a share of ownership of the defendant Group. These alleged misrepresentations occurred while the plaintiff was employed by the Group. These facts, therefore, amount to an intracorporate action to which CUTPA is inapplicable.
The plaintiff argues that recent Supreme Court decisions have held that CUTPA can apply to fact scenarios involving the internal workings of corporations. The plaintiff cites specifically to Fink v. Golenbock 238 Conn. 183, 680 A.2d 1243
(1996) and its predecessor, Larsen Chelsey Realty Company v.Larsen, 232 Conn. 480, 656 A.2d 1009 (1995). These cases do not apply here.
The Supreme Court in Fink referenced two Superior Court decisions involving shareholders' claims of CUTPA violations in light of the actions of corporate directors that negatively impacted stock values. Fink v. Golenbock supra, 238 Conn. 212. The trial courts had dismissed the CUTPA claims on the basis that the alleged injuries had been the result of intracorporate actions. Id. The Supreme Court explicitly declined to address whether such a dismissal was proper. Id. The Fink court held that the corporate relationship in that case was subordinate to the actual conduct of the defendant. Id., 213. Specifically, "[the defendant's] actions went well beyond governance of the corporation, and placed him in direct competition with the interests of the corporation." Id. A similar result was reached in Larsen.
CT Page 2259
Both Fink and Larsen involved situations where the defendant took certain actions designed to usurp the business and clientele of one corporation in favor of another. In the present case, the facts alleged in the complaint do not rise to that same level of conduct. Rather, the present case involves a mere intracorporate dispute. Counts nine and ten are legally insufficient. Therefore, the defendants' motion to strike counts nine and ten of the plaintiffs complaint is granted.
Since the motion to strike these counts is granted on the ground that they fail to state a CUTPA claim, it is unnecessary to address the defendants' argument that these counts are precluded by the applicable statute of limitations.
COUNT ELEVEN: Breach of Fiduciary Duty.
The plaintiff; in count eleven of the complaint, alleges a breach of fiduciary duty against Passero. The defendants move to strike count eleven on the ground that the plaintiff has failed to state a claim for breach of a fiduciary duty.
The plaintiff alleges in his complaint that "[t]he defendant, Passero, in entering into the [a]greement with the p]laintiff, and by virtue of [the p]laintiff's full performance under the [a]greement, became a partner of the [p]laintiff, and [the d]efendant, Passero, thereby owed a fiduciary duty to act with undivided loyalty, to act in the highest good faith, and to deal fairly with the [p]laintiff and to refrain from usurping business opportunities from [the p]laintiff."
"A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise is under a duty to represent the interests of the other. . . . The determination of whether such a fiduciary relationship exists is one of fact, and therefore, is not appropriately determined on a motion to strike." (Citation omitted; internal quotation marks omitted.) Dufault v. Mastrocola, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 543343 (March 1, 1996, Hale, T.J.R.); See also Chmelecki v. DecorativeScreen Printers, Inc., Superior Court judicial district of New London at New London, Docket No. 532041 (June 19, 1995, Hurley, J.); Putnam Resources v. Frenkel Co., Inc., Superior Court, judicial district of Stamford/Norwalk at Norwalk, Docket No. 123838 CT Page 2260 (July 20, 1993, Lewis, J.).
In the present case, the plaintiff has alleged the existence of a fiduciary duty, and a breach of that duty. Therefore, count eleven is legally sufficient to maintain a cause of action sounding in breach of a fiduciary duty. The defendants' motion to strike count eleven of the complaint is denied.
COUNTS TWELVE and THIRTEEN: Unjust Enrichment
Count twelve of the complaint sounds in a claim of unjust enrichment against Passero. Count thirteen of the complaint sounds in a claim of unjust enrichment against the Group. The defendants move to strike both counts on the ground that the statute of limitations bars these claims.
Recalling that "a claim that an action is barred by the statute of limitations must be pleaded as a special defense, not raised by a motion to strike," see discussion supra, the court need not address this ground for the motion.
The defendants' motion to strike counts twelve and thirteen of the plaintiff's complaint is denied.
COUNTS FOURTEEN and FIFTEEN: Statutory Wage Claim
Count fourteen sounds in a statutory wage claim against the Group. Count fifteen sounds in a statutory wage claim against Passero. The defendants move to strike both counts on the ground that the plaintiff's statutory wage claim under General Statutes § 31-71c is improperly pleaded. Specifically, the defendants argue that the plaintiff is an independent contractor and not an employee as required by the statute.
General Statutes § 31-71c (a) states that "whenever an employee voluntarily terminates his employment, the employer shall pay the employee's wages in full not later than the next regular pay day, as designated under section 31-71b. . . ." Section 31-71b provides that the employer is to pay the employee on a regular basis.
The plaintiff alleges, in counts fourteen and fifteen of the complaint, that during his employment with the defendants he was entitled to commission wages. CT Page 2261
Under Connecticut rules of pleadings, parties may advance alternative and even inconsistent pleadings absent a showing of prejudice to the defendant. Hanover Ins. Co. v. Fireman's FundIns. Co., 217 Conn. 340, 346, 586 A.2d 567 (1991); see also Sallv. Jones Apparel Group, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 125013 (June 17, 1994, Mottolese, J.).
The allegation that the plaintiff was employed by the defendants is at odds with earlier allegations in other counts stating that the plaintiff was a rightful co-owner of the defendant corporation. Nevertheless, the statutory wage claim is a viable alternative cause of action if the plaintiff is found by a trier of fact to be an employee, rather than a co-owner.
The plaintiff has alleged that he has left the Dental Group practice. The plaintiff has also alleged that he performed work and never received payment for this work. Therefore, the plaintiff has alleged sufficient facts to establish a cause of action under General Statutes § 31-71c. The defendants' motion to strike counts fourteen and fifteen of the plaintiffs complaint is denied.
COUNT SIXTEEN: Accounting
Count sixteen sounds in an accounting against the defendant Group. The defendants move to strike this count on the ground that the plaintiff is not entitled to an accounting of the defendant corporation because he has failed to allege both a fiduciary relationship and some sort of fraud that would entitle one with such a fiduciary relationship to an accounting. The plaintiff argues that fiduciary duty and fraud have been alleged in earlier counts and, by incorporation, entitle the plaintiff to an accounting of the corporation.
"To support an action of accounting, one of several conditions must exist. There must be a fiduciary relationship, or the existence of mutual and/or complicated accounts, or a need of discovery, or some other special ground of equitable jurisdiction such as fraud." C S Research Corp. v. Holton Co.,36 Conn. Sup. 619, 621 (1980).
In the present case, paragraph 23 through 25 of count eleven establish the cause of action for breach of a fiduciary duty. The plaintiff incorporates paragraphs 1-22 into count sixteen. The CT Page 2262 plaintiff has not, however, incorporated paragraph 23-25 of count eleven into count sixteen. Counts seven and eight establish the cause of action sounding in fraud. However, neither of these counts is incorporated into count sixteen.
Count sixteen does not contain facts sufficient to maintain a cause of action sounding in an accounting. Therefore, the defendants' motion to strike count sixteen of the plaintiff's complaint is granted.
COUNT SEVENTEEN: Judicial Dissolution
The plaintiff, in count seventeen of the complaint, alleges that he is entitled to a judicial dissolution. The defendants move to strike this count on the grounds that the plaintiff is not entitled to a judicial dissolution of the corporation because the plaintiff does not fall into the class of individuals defined by statute as being capable of bringing a judicial dissolution. The plaintiff argues that based on the facts alleged, he is a de facto stockholder and thus entitled to bring a judicial dissolution.
General Statutes § 33-896 allows a shareholder or a creditor to seek a judicial dissolution of a corporation under certain circumstances. Section 33-602 (25) defines a shareholder as "the person in whose name shares are registered in the records of a corporation or the beneficial owner of shares to the extent of the rights granted by a nominee certificate on file with the corporation."
The plaintiff in the present case has not pleaded that he is a shareholder or a creditor as defined by the statute. Therefore, he is unable to bring an action seeking judicial dissolution. Count seventeen is legally insufficient to maintain a cause of action for a judicial dissolution. Therefore, the defendants' motion to strike count seventeen of the complaint is granted.
In sum, the defendants' motion to strike counts one, two, three, four, seven, eight, and eleven through fifteen is denied. The defendants' motion to strike counts five, six, nine, ten, sixteen and seventeen is granted.
So ordered.
Dated at Stamford, Connecticut, this 27 day of February, 1998. CT Page 2263
William B. Lewis, Judge