[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE FILE BY DEFENDANTS
On April 17, 1998, after encountering petroleum-contaminated soil in the construction area adjacent to Santa Fuel, Inc.'s, property, the plaintiff, City of Bridgeport, commenced an action against Santa Fuel, Inc., believing that Santa Fuel, Inc. was the party in control of the oil distribution facility. Bridgeport v.Santa Fuel, Inc., Docket No. 352768 ("Santa Fuel 1"). The motion to dismiss on the ground that the plaintiff had sued the wrong party was granted by the court, Skolnick J., on August 13, 1998. Subsequently, on December 9, 1998, the plaintiff filed this case, CT Page 4064 an eight-count amended complaint against the defendants, Santa Fuel, Inc. (Santa), Admiral Associates, L.L.C. (Admiral) and Inland Fuel Terminals, Inc. (Inland) ("Santa Fuel 2").[1]
In the first count, the plaintiff alleges that as a direct and proximate result of the defendants' careless and negligent failure to control the petroleum products used at the property as well as in the soil and groundwater, the plaintiff has sustained damages. In the second count, the plaintiff alleges that the defendants' aforementioned actions were negligent per se and proximately caused the contamination of the plaintiff's property. In the third count, the plaintiff alleges that the defendants' conduct created a nuisance. In the fourth count, the plaintiff alleges that the defendants are liable for trespass since the petroleum contaminants released into the defendants' property migrated through the groundwater into the plaintiff's property. In the fifth count, the plaintiff alleges that pursuant to General Statutes § 22a-452, the defendants are liable for the reasonable costs expended for containment and removal of the contamination. In the sixth count, the plaintiff alleges that the defendants' aforementioned conduct has entitled the plaintiff, pursuant to General Statutes § 22a-16, to such declaratory and equitable relief as necessary to protect the public trust in air, water and other natural resources. In the seventh count, the plaintiff alleges that the conditions under which the defendants handled and stored petroleum on its property were intrinsically and abnormally dangerous, rendering the defendants strictly liable. In the eighth count, the plaintiff alleges that as a result of said economic loss and damages, the defendants should indemnify the plaintiff. The plaintiff has brought identical claims against Admiral Associates in a companion case, Bridgeportv. Admiral Associates, Docket No. 358277 ("Admiral Associates").
On December 24, 1998, the defendants filed motions to strike the plaintiff's amended complaints in Santa Fuel 2 and AdmiralAssociates. The defendants filed motions to strike on the ground that the plaintiff failed to file its complaints in a timely fashion and any claims it has against the defendants are barred by the statute of limitations. The defendants filed memoranda of law in support of their motions to strike. The plaintiff filed objections to the defendants' motions to strike, accompanied by memoranda of law, on January 18, 1999. The defendants filed a response to the plaintiff's memoranda on January 28, 1999.
"The purpose of a motion to strike is to contest . . . the CT Page 4065 legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558
(1998). "A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Practice Book § 10-50. "In two limited situations, however, [the court] will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when [t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer. . . . The second is where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced. . . ." (Citations omitted; internal quotation marks omitted.) Forbes v. Ballaro, 31 Conn. App. 235, 239-40,624 A.2d 389 (1993).
As stated, the defendants move to strike the amended complaints on the ground that the plaintiff failed to file its complaints in a timely fashion, and therefore, any claims which it may have had against the defendants are barred by the statute of limitations. The plaintiff first contends that a motion to strike is not the proper procedural device to raise statute of limitations defenses.
"A claim that an action is barred by . . . the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Girard v. Weiss, 43 Conn. App. 397, 415,682 A.2d 1078, cert. denied, 239 Conn. 946, 686 A.2d 121 (1996), quoting Forbes v. Ballaro, supra, 31 Conn. App. 239. "The advantage of the statute of limitations cannot be taken by [a motion to strike] . . . . [T]he objection to this mode of pleading is that it raises no issue and deprives the plaintiff of an opportunity to reply a new promise, or an acknowledgement. . . . A motion to strike might also deprive a plaintiff of an opportunity to plead matters in avoidance of the statute of limitations defense." (Citations omitted; internal quotation marks omitted.) Forbes v. Ballaro, supra,31 Conn. App. 239.
There are two limited circumstances when the use of a motion to strike to raising the defense of the statute of limitations is permitted. See id. "If all of the facts pertinent to the statute CT Page 4066 of limitations are pleaded in the complaint and the parties agree that they are true, or if a statute creating the cause of action on which the plaintiff relies fixes the time within which the cause of action must be asserted, a motion to strike would be allowed." Girard v. Weiss, supra,
Here, the defendants raise a statute of limitations defense by a motion to strike, rather than by a special defense. The motion to strike is only proper if one of the two aforementioned exceptions applies. The first exception does not apply because the parties do not agree that the complaint contains all facts pertinent to the resolution of the statute of limitations issues. (Plaintiff's Memorandum of Law in Opposition to Motion to Strike, p. 5-6). Plaintiff notes that a significant part of defendants limitations defense is to be found and put to use from the procedural history of an earlier action involving the same issues. Additionally, a plaintiff is not required to plead facts in anticipation of a statute of limitations defense. See Forbesv. Ballaro, supra, 31 Conn. App. 241 n. 9. The second exception does not apply because counts one and two sounding in negligence, count three sounding in nuisance, count four sounding in trespass, count seven sounding in strict liability and count eight sounding in indemnification are all common law causes of action. Moreover, although count five focuses on General Statute § 22a-452[2] and count six focuses on General Statute §22a-16[3], these statutes fail to fix the time within which the right must be enforced.
Therefore, the defendants' motions to strike are denied.
NADEAU, J.