[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On December 13, 2000, the plaintiff, Richard A. Matza, filed a nine-count amended complaint against the defendant, Paul D. West. The amended complaint alleges that Matza and West, along with William Riebe and Richard Fonte, were the sole partners of Southwest Professional Properties (Southwest).[1] The amended complaint further alleges that on August 7, 1986, Southwest and the four partners entered into a loan agreement with Citytrust for the principal sum of $550,000 (Note I). It is also alleged that on November 7, 1986, Southwest and the four partners entered into a loan agreement with Citytrust for the principal sum of $350,000 (Note II). The amended complaint alleges that Southwest and the four partners failed to make payments of principal and interest which became due and owing under both notes. It is further alleged that upon default of both notes, National Loan Investors (NLI) was appointed as receiver of both notes by virtue of an assignment from Citytrust. It is alleged that Matza settled the claim on Note I with NLI in the amount of $139,709.94 in full satisfaction of the debt. With respect to Note II, the amended complaint alleges that NLI obtained a judgment on the note against both Matza and West, jointly and severally, in the amount of $465,290.06. It is alleged that NLI obtained judgment against West on Note II pursuant to a confidential settlement agreement entered into by West and NLI on June 26, 1996. The amended complaint also alleges that on October 17, 1996, NLI obtained judgment as the result of a trial against Matza on Note II. It is also alleged that on August 8, 1996, NLI garnished Matza's wages in the amount of $605,000, and on June 23, 1998, Matza paid NLI in the amount of $605,000 in full satisfaction of Note II.
In count one, Matza seeks contribution from West for money spent on Note II pursuant to General Statutes § 34-339 (b)(2). In count two, Matza seeks contribution from West for half of the money spent in satisfaction of the judgment on Note II. In count three, Natza seeks contribution from West for money spent in satisfaction of the debt under Note I. In counts four through nine, Matza alleges unjust enrichment, breach of fiduciary duty, fraudulent misrepresentation, violations of the Connecticut Unfair Trade Practices Act (CUTPA), tortious interference with business relations and negligent misrepresentation, respectively. CT Page 9250
On January 2, 2001, West filed a motion to strike count seven on the ground that the statute of limitations bars Matza's cause of action under CUTPA, pursuant to General Statutes § 42-110g(f). On January 18, 2001, Matza filed an objection to West's motion to strike, along with a memorandum of law, arguing that the statute of limitations is tolled as to count seven.
 DISCUSSION
"[A] motion to strike challenges the legal sufficiency of a pleading. . . ." (Internal quotation marks omitted.) Sherwood v.Danbury Hospital, 252 Conn. 193, 212, 746 A.2d 730
(2000). The role of the court is to "construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Pamela B. v. Ment,244 Conn. 296, 308, 709 A.2d 1089 (1998). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641, 667, 748 A.2d 834
(2000) . "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "[I]t does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Id., 588.
West moves to strike count seven of the amended complaint on the ground that "[a]n action under [CUTPA] may not be brought more than three years after the occurrence of a violation of this chapter." General Statutes § 42-110g (f). West argues that count seven is based upon the allegation that he violated CUTPA on June 26, 1996, by executing a "confidential settlement agreement" with NLI. He further argues that § 42-110g (f) bars count seven because Matza did not initiate this action until July 19, 2000, over four years from the date of the alleged violation. In response, Matza argues that it is procedurally improper to raise the statute of limitations by way of a motion to strike. Matza also argues that even if a motion to strike is the proper vehicle to challenge count seven, the statute of limitations was tolled because the settlement agreement between the defendant and NLI constitutes a continuing course of conduct
Generally "[a] claim that an action is barred by . . . the statute of CT Page 9251 limitations must be pleaded as a special defense, not raised by a motion to strike." (Internal quotation marks omitted.) Girard v. Weiss,43 Conn. App. 397, 415, 682 A.2d 1078 (1996) . "[T]he objection to this mode of pleading is that it raises no issue and deprives the plaintiff of an opportunity to reply a new promise, or an acknowledgment. . . . A motion to strike might also deprive a plaintiff of an opportunity to plead matters in avoidance of the statute of limitations defense." (Citation omitted; internal quotation marks omitted.) Forbes v. Ballaro,31 Conn. App. 235, 239, 624 A.2d 389 (1993). "In two limited situations, however, we will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when [t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer. . . The second is where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone." (Citation omitted; internal quotation marks omitted.) Forbes v. Ballaro, supra, 31 Conn. App. 239-40.
"The statute of limitations defense for CUTPA actions falls under the second exception to the general rule that the statute of limitations may not be raised on a motion to strike. CUTPA is a statutory cause of action which did not exist at common law." (Citation omitted.) Gardella v.Metropolitan Life Ins. Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 150585 (January 20, 2000, D'Andrea, J.); see also Brideways Communications Corp. v. Time Warner,Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 050619 (September 4, 1998, Flynn, J.); Capitol West Associatesv. Southern New Enaland Telephone, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 005337 (July 1, 1996,DiPentizna, J.); Cassidento v. Mathis, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 537124 (January 24, 1996, Aurigemma, J.); Szabo v. Scopp, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 046555 (April 6, 1995, Curran,J.). However, "[w]hen the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed." (Internal quotation marks omitted.) Fichera v.Mine Hill Corp., 207 Conn. 204, 208, 541 A.2d 472 (1988). "To support a finding of a "continuing course of conduct' that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong." Id., 209. CT Page 9252
In his opposition to the motion to strike, Matza argues that West's obligation to NLI under the settlement agreement did not conclude until June 23, 1998, when the plaintiff paid NLI $605,000 in full satisfaction of the debt under Note II. Matza also argues that the defendant's obligation to NLI under the settlement agreement did not end until NLI was satisfied with the information that the defendant was required to provide under the agreement. Matza argues, therefore, that because West's violation of CUTPA continued past the date when West and NLI entered into the settlement agreement, the statute of limitations period was tolled.
While Matza argues in his brief that June 23, 1998 is the operative date for purposes of § 42-110g (f), the amended complaint itself fails to allege that West had an ongoing fiduciary duty to Matza so as to toll the statute of limitations. Instead, he pleads "the conduct of Westin entering into the confidential-Settlement Agreement whereby he obtained a release of claims in exchange for identifying assets of his business partner . . ." violates the public policy of the State of Connecticut and C.G.S. § 42-110g et seq. (Emphasis added) Additionally, the amended complaint is devoid of any facts that support Natza's argument that West's violation of CUTPA continued past the date of the settlement agreement so as to toll the statute of limitations. Accordingly, because "the court is limited to the facts alleged in the complaint"; Faulkner v. United Technologies Corp., supra, 240 Conn. 580; the motion to strike count seven is granted.