[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#102)
CT Page 12485
On February 22, 2001, the plaintiffs, Michael Fontanella (Michael) and Rose Fontanella (Rose) (collectively the plaintiffs), filed a three count complaint against Frank Marcucci (Marcucci) and John Acampora (Acampora) (collectively the defendants). Counts one and two allege professional malpractice and count three alleges breach of contract.[1] The defendants now move to strike the complaint in its entirety.
A motion to strike challenges the legal sufficiency of the complaint.Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). The court "must take as true the facts alleged in the . . . complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[A] claim that an action is barred by . . . the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." (Internal quotation marks omitted.) Girard v. Weiss, 43 Conn. App. 397,415, 682 A.2d 1078, cert. denied, 239 Conn. 946, 686 A.2d 121 (1996). See also Practice Book § 10-50. "In two limited situations, however, we will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when [t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the [s]tatute of [l]imitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer. . . . The second is where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone." (Citations omitted; internal quotation marks omitted.) Forbes v. Ballaro, 31 Conn. App. 235, 239-40, 624 A.2d 389
(1993).
For purposes of this motion to strike, the court must accept as true the following facts that are pleaded in the complaint. On December 18, 1991, Michael was involved in a one vehicle collision when he lost control of the 1988 Dodge Ram pickup truck (the truck) he was operating. The truck was owned by Michael's mother, Rose. Michael sustained physical injuries when the shoulder portion of the seat belt restraining him tore or broke. Rose, on her own behalf and on behalf of Michael, hired the defendants to investigate and pursue a product liability action against the manufacturer and seller of the truck. Marcucci was assigned by Acampora to handle the product liability claim. Rose, pursuant to Marcucci's instruction, assigned title to the truck to the insurer, Liberty Mutual Insurance Company. The truck was sold at auction and then CT Page 12486 destroyed. As a result, the truck was no longer available for expert examination to determine, analyze and confirm the existence of a product defect.
The defendants move to strike the complaint on the ground that it fails to state a claim upon which relief may be granted because the causes of action alleged are barred by the applicable statutes of limitations. The defendants assert that because "[t]he facts pertinent to the statute of limitations issues are set forth in detail in the complaint," the issues can be properly raised in a motion to strike. (Defendants' Memorandum, p. 2.) In support of their motion to strike, the defendants argue that: (1) counts one and two are barred by the three year statute of limitations set forth in General Statutes § 52-577;[2] and (2) count three is barred by either § 52-576,[3] the six-year statute of limitations for breach of a written contract, or § 52-581,[4]
the three-year statute of limitations for breach of an oral contract.
The plaintiffs object to the defendants' motion to strike, arguing that this action is timely because the applicable statutes of limitations did not begin to run until the matter became justiciable. Additionally, the plaintiffs assert that, in their motion to strike "[t]he defendants essentially claim a statute of limitations defense." (Plaintiffs' Memorandum, p. 1.)
In the present case, the parties have not agreed that the complaint sets forth all the facts pertinent to the question whether the action is barred by the statute of limitations. Forbes v. Ballaro, supra,31 Conn. App. 239-40. "[T]he parties agreement as to all of the necessary facts is essential to the application of the exception to the general rule requiring a statute of limitations claim to be raised by way of special defense." Streater v. Kelly, Superior Court, judicial district of New Haven at New Haven, Docket No. 435674 (November 29, 2000, DevlinJ.), citing Forbes v. Ballaro, supra, 240. Here "[T]he complaint did not state facts that the plaintiffs believed would toll the statutes of limitations on their claim." Forbes v. Ballaro, supra, 31 Conn. App. 240. Because the parties have not agreed on all of the facts necessary to determine whether the statute of limitations defense applies, the defendants' claim that the complaint is barred by the applicable statutes of limitations must be pleaded as a special defense, and not raised by a motion to strike.
Accordingly, the defendants' motion to strike is denied
By the Court,
Kevin E. Booth CT Page 12487